JESSE LEE CALLICUTT v. EDWARD ANDY HAWKINS AND
ROY BASIL CRANFORD

No. 7119SC328

(Filed 23 June 1971)

1. Damages § 3— personal injury — permanent damages — sufficiency of evidence

Plaintiff's testimony that, since the automobile collision complained of, his back "hurts a little bit all the time, every day" and "it is paining me right now," together with his testimony that he had seen doctors only on two occasions since the collision, *held* insufficient to warrant an instruction on permanent injuries or on future pain and suffering.

2. Attorney and Client § 7— personal injury action — award of attorney fees

In a personal injury action in which the jury awarded plaintiff $500 in damages, plaintiff's motion that the trial court allow attorney fees to his attorney was properly denied by the court in its discretion. G.S. 6-21.1.

APPEAL by plaintiff from *Long, Judge,* November 1970 Civil Session of Superior Court held in RANDOLPH County.

Civil action for personal injuries sustained by plaintiff from a collision of two automobiles. Plaintiff was a guest passenger in the Cranford automobile when it was struck in the rear by the Hawkins vehicle. Judgment by default and inquiry was entered against Cranford. The jury found Hawkins negligent and awarded plaintiff $500.00 damages. From judgment on the verdict, plaintiff appealed.

*Ottway Burton for plaintiff appellant.*

*Smith & Casper by Archie L. Smith for Edward Andy Hawkins, defendant appellee.*

*Perry C. Henson and Daniel W. Donahue for Roy Basil Cranford, defendant appellee.*

PARKER, Judge.

[1] Plaintiff contends the trial judge erred in instructing the jury that there was no evidence that plaintiff sustained a permanent injury or would suffer future pain or incur future medical expenses as a result of the collision. There was no error in this

instruction. The collision occurred on 6 June 1966. While plain-
tiff testified at the trial in November 1970 that his back "hurts
a little bit all the time, every day," and "[i]t is paining me
right now," he also testified that since the collision he had seen
doctors only on two occasions. On 16 June 1966, ten days after
the collision, he was examined by Dr. Everett L. Jeffreys in
Winston-Salem. Arrangements for this examination were made
by plaintiff's attorney. Dr. Jeffreys testified that he found plain-
tiff's condition normal except that in his opinion plaintiff had
a small midline minimal herniation of the nucleus pulposus in
the lumbar region in his lower back. Dr. Jeffreys did not testify
that this injury would be permanent. Dr. Jeffreys did not again
see plaintiff until they both appeared as witnesses at the trial.
The only other doctor seen by plaintiff was Dr. Frank Edmund-
son, who examined plaintiff on 29 September 1970 at the
request of defendant's attorney. Dr. Edmundson testified that
"[i]nsofar as the herniation of this disc which Dr. Jeffreys
testified to, I can say he did not have one at the time I ex-
amined him."

In our opinion the evidence in this case was not sufficient
to warrant an instruction permitting an award for permanent
injuries or for future pain and suffering or for future medical
expenses. "To warrant an instruction permitting an award for
permanent injuries, the evidence must show the permanency
of the injury and that it proximately resulted from the wrongful
act with reasonable certainty. While absolute certainty of the
permanency of the injury and that it proximately resulted from
the wrongful act need not be shown to support an instruction
thereon, no such instruction should be given where the evidence
respecting permanency and that it proximately resulted from the
wrongful act is purely speculative or conjectural." *Short v.
Chapman,* 261 N.C. 674, 682, 136 S.E. 2d 40, 46. The opinion in
*Short v. Chapman, supra,* quotes with approval from *Diemel v.
Weirich,* 264 Wis. 265, 58 N.W. 2d 651, as follows:

" 'It is a rare personal injury case indeed in which the
injured party at time of trial does not claim to have some
residual pain from the accident. Not being a medical expert,
such witness is incompetent to express an opinion as to how
long such pain is going to continue in the future. The mem-
bers of juries also being laymen should not be permitted to
speculate how long, in their opinion, they think such pain

will continue in the future, and fix damages therefor accordingly.' "

Where, as in the present case, the injury complained of was *subjective* and of such a nature that laymen cannot, with reasonable certainty, know whether the injury is permanent or whether there will be future pain and suffering, it is necessary, in order to warrant an instruction which will authorize a jury to award damages for permanent injury or future pain and suffering, that there be offered evidence by expert witnesses who can testify, either from personal examination or knowledge of the case, or from a hypothetical question based on the facts, that there is reasonable certainty of permanency of the injury or that with reasonable certainty the plaintiff may be expected to experience future pain and suffering. *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753. In the case before us there was no such evidence. Appellant's assignments of error directed to the court's instructions to the jury are without merit.

[2]   After the trial plaintiff moved that the court in its discretion under G.S. 6-21.1 allow attorney fees to his attorney for prosecution of this action. After hearing, this motion was denied, to which ruling appellant now assigns error. The allowance of counsel fees under the authority of G.S. 6-21.1 is, by express language of that statute, in the discretion of the presiding judge. There has been no showing of any abuse of the trial judge's discretion, and this assignment of error is overruled.

We have examined appellant's remaining assignments of error and find them without merit. In the trial and judgment appealed from we find

No error.

Chief Judge MALLARD and Judge VAUGHN concur.