WILLIAM CLINTON BRADY v. HAROLD P. SMITH

No. 7315DC63

(Filed 23 May 1973)

1. **Rules of Civil Procedure § 51; Trial § 33— failure to apply law to evidence**

In this action for personal injuries sustained in a collision between two automobiles, the trial court erred in failing to instruct the jury as to what facts if found by them to be true would constitute negligence on the part of defendant. G.S. 1A-1, Rule 51.

2. **Costs § 1— recovery of costs as matter of right**

In this action for personal injuries sustained in an automobile collision, the trial court erred in failing to tax the costs of the action against the defendant who lost at trial. G.S. 6-1.

3. **Costs § 3— allowance of counsel fees — discretion of court**

Allowance of counsel fees pursuant to G.S. 6-21.1 rests in the discretion of the court.

APPEAL by plaintiff and defendant from *Peele, District Judge,* 19 June 1972 Session of ORANGE County District Court.

Plaintiff instituted this action to recover for personal injuries arising out of an automobile collision allegedly due to the negligence of defendant Harold P. Smith who was operating a police vehicle owned by the Town of Chapel Hill, N. C. The Town of Chapel Hill was initially a defendant in this case but following the setting aside of an earlier judgment dismissing plaintiff's action, the action was reinstated only as to defendant Smith.

At trial plaintiff introduced evidence which tended to show the following:

On 18 July 1965 at approximately 4:00 to 4:30 p.m., plaintiff was operating his mother's Buick automobile on the U.S. 15-501 bypass around Chapel Hill, N. C., in a southerly direction. Plaintiff's mother, Jettie Brady Galligan, was a passenger in the Buick. A hard rain was falling at the time. As the vehicle operated by plaintiff approached a bridge, plaintiff observed a police vehicle driven by defendant Smith approximately 400 feet to 450 feet away coming around a curve in a northerly direction at approximately 45 to 50 miles per hour with its red light flashing. The posted speed limit was 45 miles per hour. Defendant's vehicle was out of control when first observed by plaintiff. It struck the bridge abutment and spun around, with its rear striking the front end of the vehicle driven by plaintiff. Plaintiff had pulled his mother's car as far to the right as he could prior to stopping just short of the bridge. Plaintiff's head hit the windshield on impact and he testified that he experienced soreness in his neck, arms, shoulders and back following the accident and that he received medical and chiropractic treatment for his neck.

Defendant offered no evidence at trial. The jury found for plaintiff, and awarded him $2,000 in damages. The trial court then denied plaintiff's motion for an award of attorney's fees and entered judgment from which both plaintiff and defendant appealed.

*Ottway Burton for plaintiff appellant and appellee.*

*Perry C. Henson and Daniel W. Donahue for defendant appellant and appellee.*

MORRIS, Judge.

[1]  Defendant's assignments of error on appeal primarily relate to the judge's charge to the jury. Among those assignments of error is defendant's contention that the judge failed properly to explain the law arising upon the evidence as required by G.S. 1A-1, Rule 51. We feel that defendant's exception is well taken.

An examination of the record reveals that the trial judge defined burden of proof, negligence, and proximate cause in general terms and then recapitulated the evidence, the conten-

---

Brady v. Smith

---

tions of the parties, and instructed as to measure of damages. He failed, however, to declare and explain the law arising on the evidence.

The record is void of any instruction to the jury as to what facts if found by them to be true would constitute negligence on the part of defendant. The defendant was entitled, among other things, to have the court instruct as to his duty to keep and maintain a proper lookout, his duty to keep his vehicle under control, and his duty to operate a motor vehicle at a speed that is reasonable and prudent under the conditions then existing.

> "[A] statement of the contentions of the parties together with a bare declaration of the law in general terms is not sufficient to meet the requirements of the provisions of G.S. 1-180." *Hawkins v. Simpson,* 237 N.C. 155, 157, 74 S.E. 2d 331 (1953).

For the failure of the trial judge properly to apply the law arising upon the evidence and for other errors in the charge, there must be a new trial. We deem it unnecessary to discuss his remaining assignments of error.

Plaintiff on appeal contends that the trial judge erred in failing to tax the costs of the action aganist the defendant who lost at trial and in refusing to allow plaintiff's attorney to be heard on motion for an allowance of counsel fees under G.S. 6-21.1.

[2] Plaintiff's exception as to the taxing of costs is well taken, and if plaintiff prevails upon retrial of this case, he will be entitled to have all items properly included as costs taxed against the defendant. G.S. 6-1 clearly provides that "[t]o the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter."

[3] Plaintiff's contention that the trial judge refused to hear his motion for counsel fees pursuant to G.S. 6-21.1 is totally without merit. The record clearly reveals that his motion was entertained and denied by the trial judge. Allowance of counsel fees pursuant to G.S. 6-21.1 is in the discretion of the trial judge and we find no abuse on his part.

New trial.

Judges BRITT and VAUGHN concur.