JOHN WHITE HUBBARD v. LUMBERMEN'S MUTUAL CASUALTY
COMPANY

No. 7423DC936

(Filed 5 February 1975)

1. **Insurance § 77— theft and vandalism insurance — personal effects —
fire and lightning**

   Plaintiff was not entitled to recover under a theft and vandalism
provision of an automobile policy for damage to a police monitor
radio as a "personal effect" where there was no evidence that the radio
was damaged by fire or lightning as required by the policy.

2. **Insurance § 77— theft and vandalism insurance — damage to car —
supporting evidence**

   The trial court did not err in finding that plaintiff was entitled
to recover $600 for damage to his automobile under the theft and

vandalism provision of an automobile policy based on plaintiff's testimony as to the value of the automobile before and after the theft.

**3. Attorney and Client § 7; Costs § 3— damage to automobile — insurer's unwarranted refusal to pay claim — attorney's fee**

In an action to recover for damage to an automobile under the theft and vandalism provision of an automobile policy, the trial court did not err in finding that there was an unwarranted refusal by defendant insurance company to pay the claim and in allowing plaintiff to recover an attorney's fee of $200 under G.S. 6-21.1 where plaintiff recovered $600 for damages to his automobile and defendant insurer had offered only $280 to settle the case before a suit was filed and had offered a $500 settlement immediately prior to the beginning of the trial.

APPEAL by defendant from *Osborne, Judge,* 22 July 1974 Session of District Court held in WILKES County. Heard in the Court of Appeals on 22 January 1975.

This is a civil action wherein plaintiff, John White Hubbard, seeks to recover from the defendant, Lumbermen's Mutual Casualty Company, upon the comprehensive coverage provisions of an insurance policy issued by defendant insuring plaintiff's 1964 Ford automobile against loss from theft, malicious damage, and vandalism. Among other things, plaintiff seeks to recover $600.00 for the damage to his vehicle, $20.00 damages to a police monitor radio, and $200.00 attorney's fees.

The record indicates that prior to the trial before the judge without a jury, the parties stipulated:

". . . that the only issue before the Court was as to the amount and extent of coverage in this case under that portion of policy number LK 120 207 concerning the plaintiff's 1964 Ford automobile."

After hearing the evidence offered by both parties, Judge Osborne made the following pertinent findings of fact:

"That on December 10, 1973, the plaintiff was the owner of a 1964 Ford automobile. That on that date said automobile was covered under an insurance policy which was introduced into evidence as plaintiff's Exhibit No. 2. That on said date said automoboile was stolen from the plaintiff and vandalized, and that some unknown vandals fired numerous bullets into the vehicle, smashed the windows in said automobile, and did other damage to the vehicle. That shortly prior to said date the plaintiff had spent approxi-

mately $800.00 on said automobile in rebuilding the engine and transmission, affixing the power windows, installing new carpet and seat covers, and paintwork. The plaintiff had purchased the car when it was new, and said vehicle had some 38,000 miles on it since the engine was rebuilt. That the Court finds from the evidence that said vehicle had a fair market value in excess of $625.00. That in addition, the plaintiff had a radio device which was his personal property which had been permanently installed upon the vehicle. That said vehicle had a salvage value of $25.00 after said damage. That the defendant insurance company made a maximum offer to the plaintiff in the amount of $280.00 to settle the case prior to litigation and the Court finds as a fact that there was unwarranted refusal on the part of the defendant insurance company to make a higher offer in settlement of plaintiff's claim."

Based on the above findings, the trial judge made the following pertinent conclusions:

"(1) That the plaintiff is entitled to recover in the sum of $600.00 for the loss in fair market value of his vehicle under the terms of said insurance policy.

(2) That the plaintiff is entitled to recover the sum of $25.00 for the loss of his radio device which was a personal effect as defined under the terms of the policy.

(3) That the plaintiff is entitled to recover a reasonable attorney's fee pursuant to G.S. 6-21.1 for the defendant insurance company's refusal to pay the plaintiff's claim."

From judgment that plaintiff recover of the defendant $625.00 for the damage to his automobile and police monitor radio and $200.00 as a fee for plaintiff's attorney, defendant appealed.

*John S. Willardson for plaintiff appellee.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr., and James H. Kelly, Jr., for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first contends the trial court erred in concluding that plaintiff was entitled to recover $25.00 for the damage

to the police monitor radio as a "personal effect." The pertinent provision of the insurance policy is as follows:

"COVERAGE E (2)—Personal Effects

(2) To pay for loss caused by fire or lightning to robes, wearing apparel and other personal effects which are the property of the named insured or a relative, while such effects are in or upon the owned automobile."

While the trial judge denominated the police monitor radio as a "personal effect . . . under the terms of the policy," there is no allegation, evidence, or finding that the plaintiff's radio was destroyed by fire or lightning. Therefore, since the record does not support the award of $25.00 for the damage to the radio, the judgment will be modified by eliminating $25.00 therefrom.

[2] The defendant contends the trial court erred in finding and concluding that the plaintiff was entitled to recover $600.00 for the damage to his automobile. The court's findings of fact are conclusive if supported by any competent evidence, and judgment supported by such finding will be affirmed, even though there is evidence contra, or even though some incompetent evidence may also have been submitted. *Brooks v. Brooks*, 12 N.C. App. 626, 184 S.E. 2d 417 (1971). The trial judge accepted plaintiff's testimony as to the value of his automobile before and after the theft and based the award thereon. There is competent evidence in the record to support the court's findings with respect to the value of plaintiff's vehicle, and these findings support the conclusion that the damage to the vehicle was $600.00.

[3] Finally, defendant contends Judge Osborne erred in finding that there was an unwarranted refusal on the part of the defendant to make a higher offer in settlement of the plaintiff's claim and in concluding that the plaintiff was entitled to recover reasonable attorney fees pursuant to G.S. 6-21.1, which provides:

*"Allowance of counsel fees as part of costs in certain cases.*—In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record,

where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs."

The obvious purpose of this section is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. *Hicks v. Albertson,* 284 N.C. 236, 200 S.E. 2d 40 (1973). This legislation, being remedial, should be construed liberally to accomplish the purpose of the legislature and to bring within it all cases fairly falling within its intended scope. *Hicks v. Albertson,* supra.

The record in the present case discloses that the amount offered by the defendant in settlement before suit was instituted was less than fifty percent of the damages ultimately determined by the judge. The record also shows that after all the evidence was presented, defendant's counsel advised the judge that $500.00 had been offered to settle the case immediately prior to the beginning of the trial. While the difference between the amount offered before suit was instituted and the amount ultimately found to be the damage to plaintiff's vehicle is only $320.00, it represents a difference of more than one hundred percent. This evidence, coupled with the fact that the defendant offered to settle the case for $500.00 immediately before the trial commenced, is sufficient, in our opinion, to support the finding by the judge that the defendant was not warranted in refusing to make a higher offer of settlement before the plaintiff incurred the expense of employing an attorney to institute suit. Defendant, although it knew plaintiff was demanding that his attorney's fee be taxed as a part of the costs, failed to explain why it was willing to pay $220.00 more immediately before the trial than it was willing to pay before suit was instituted. There is nothing in the record to show that the defendant had any information regarding the damage to the vehicle available to it when it made the $500.00 offer that it did not have when it made the $280.00 offer. The obvious conclusion is that the defendant increased its original offer by eighty percent simply because plaintiff had employed counsel, instituted suit, and demonstrated his willingness to have the court determine the

whole matter. The allowance of counsel fees under the authority of G.S. 6-21.1 is, by express language of that statute, in the discretion of the presiding judge. *Callicutt v. Hawkins,* 11 N.C. App. 546, 181 S.E. 2d 725 (1971). Under the circumstances of this case, we conclude that the defendant has failed to show the trial court abused its discretion in taxing as a part of the costs an attorney's fee in the amount of $200.00.

The result is: the $25.00 awarded for damage to plaintiff's radio is eliminated from the judgment; the judgment awarding $600.00 for damage to the motor vehicle and $200.00 as a fee for plaintiff's attorney, to be taxed as a part of the costs, is affirmed.

Modified and affirmed.

Judges MORRIS and PARKER concur.