GERALDINE JORDAN BLACK v. STANDARD GUARANTY INSURANCE COMPANY

No. 7826DC696

(Filed 19 June 1979)

1. Attorneys at Law § 7.5— action against insurer—attorney fees as part of costs —motion—findings

A plaintiff seeking an award of attorney fees under G.S. 6-21.1 does not have to plead for such an award as a separate claim in the complaint but may

properly move for an award of attorney fees after a verdict has been returned in its favor; nor is it required that the trial judge make separate findings and conclusions in accordance with G.S. 1A-1, Rule 52(a) to support the award of attorney fees.

**2. Attorneys at Law § 7.5— finding of unwarranted refusal by insurer to pay claim —no abuse of discretion**

In an action upon an automobile collision insurance policy, the trial court did not abuse its discretion in finding that defendant insurer had unwarrantedly refused to pay plaintiff's claim and in awarding attorney fees to plaintiff under G.S. 6-21.1 although defendant insurer offered evidence, had it been believed, that would have been a defense to plaintiff's claim.

**3. Attorneys at Law § 7.5— attorney fee of $1,200—no abuse of discretion**

The trial court's award to plaintiff of an attorney fee of $1,200 under G.S. 6-21.1 was not so low so as to constitute an abuse of discretion where the court found that plaintiff's attorney had reasonably expended 65 hours on plaintiff's case.

APPEAL by defendant from *Saunders, Judge*. Judgment entered 2 March 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals on 21 May 1979.

The plaintiff instituted this lawsuit to recover from the defendant, as insurer, for damages to her automobile allegedly caused by a hit and run driver. At trial, plaintiff introduced evidence tending to show that after her car had been damaged, she contacted her insurance agent who had the loss adjusted by an independent claims adjuster; that she then had her car repaired at a body shop, and upon completion of the repairs she was informed for the first time that her insurance policy had been cancelled prior to the accident; and that she had never received any cancellation notice from her insurance carrier. Defendant presented evidence tending to show that it had properly mailed the cancellation notice to the plaintiff; that to its knowledge the policy had been properly cancelled; and that it did not authorize anyone to act as its agent in adjusting her loss or repairing her automobile. The jury found that defendant had breached its insurance contract with the plaintiff, and awarded the plaintiff damages in the amount of $714.68.

After the verdict was returned, plaintiff made a motion for a reasonable attorney fee under G.S. § 6-21.1. On 27 February 1978, after a hearing, the court entered an Order containing the conclusion that the defendant "unwarrantedly refused to pay the claim

which constituted the basis of [plaintiff's] suit." Plaintiff's counsel was awarded a fee of $1,200.00 to be taxed as a part of the costs. Defendant appealed.

*Sanders, London & Welling, by Charles M. Welling, and Samuel A. Wilson III for plaintiff appellee.*

*Helms, Mulliss & Johnston, by W. Donald Carroll, Jr., for defendant appellant.*

HEDRICK, Judge.

This appeal concerns only the judge's award of a "reasonable attorney fee" to plaintiff's counsel under G.S. § 6-21.1, which provides:

> *Allowance of counsel fees as part of costs in certain cases.* — In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as part of the court costs.

The defendant does not contest on appeal any aspect of the trial resulting in the verdict for plaintiff. The defendant's sole contention, as stated in its brief, is that "[t]he trial court abused its discretion in awarding attorney's fees to plaintiff where the trial court's findings do not support, and where there are no facts in the record to support, a finding that Standard Guaranty Insurance Company made an unwarranted refusal to pay the plaintiff's claim." The essence of defendant's argument is that the trial court is required to make findings of fact, supported by competent evidence, to support a conclusion that there was an "unwarranted refusal" on the part of the insurance carrier to pay the claim, and that, considering the record as a whole, there are no

facts in it to support such a conclusion. Defendant also argues that plaintiff is not entitled to an award of counsel fees since she failed to allege in her complaint any basis to support such an award.

[1] The defendant has misconstrued the nature of the relief provided by G.S. § 6-21.1. Defendant would require that a plaintiff seeking attorney fees under the statute affirmatively plead for such an award as a separate claim in the complaint, and would require the trial judge to make separate findings and conclusions to support an award of attorney fees in accordance with G.S. § 1A-1, Rule 52(a). This is not required by the statute. The plaintiff may properly move for an award of attorney's fees after a verdict has been returned in its favor. *See Callicutt v. Hawkins*, 11 N.C. App. 546, 181 S.E. 2d 725 (1971). Furthermore, "[t]he allowance of counsel fees under the authority of G.S. § 6-21.1 is, by express language of that statute, in the discretion of the presiding judge." *Hubbard v. Lumbermen's Mutual Casualty Co.*, 24 N.C. App. 493, 498, 211 S.E. 2d 544, 547, *cert. denied*, 286 N.C. 723, 213 S.E. 2d 721 (1975); *Callicutt v. Hawkins*, 11 N.C. App. at 548, 181 S.E. 2d at 727. *See also Harrison v. Herbin*, 35 N.C. App. 259, 241 S.E. 2d 108, *cert. denied*, 295 N.C. 90, 244 S.E. 2d 258 (1978); *Brady v. Smith*, 18 N.C. App. 293, 196 S.E. 2d 580 (1973).

[2] In the present case, after the jury had returned a verdict in its favor, plaintiff moved for attorney fees pursuant to G.S. § 6-21.1, and the court made the finding that the defendant insurance carrier had unwarrantedly refused to pay the claim. While the defendant offered evidence that, had it been believed, would have been a defense to plaintiff's claim, the jury obviously was unpersuaded. In the face of the unchallenged verdict and judgment for plaintiff, we cannot say Judge Saunders abused his discretion in holding that there was an unwarranted refusal by the insurance company to pay plaintiff's claim and awarding a fee to plaintiff's counsel.

[3] Finally, we consider plaintiff's cross-assignment of error in which she contends that the amount of the attorney fee awarded was inadequate and constituted an abuse of discretion. The amount of the attorney fee allowed, like the award of the fee itself, is a matter largely within the discretion of the presiding judge. *Hill v. Jones*, 26 N.C. App. 168, 215 S.E. 2d 168, *cert.*

*denied*, 288 N.C. 240, 217 S.E. 2d 664 (1975). In the Order allowing a fee of $1,200.00 to plaintiff's attorney, the judge found as a fact "that Plaintiff's counsel expended at least 65 hours in this cause; [and] that the time was a reasonable time required to properly represent the Plaintiff." We cannot say that the amount awarded is so low as to constitute an abuse of discretion, and the plaintiff's cross-assignment of error is overruled.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

Chief Judge MORRIS and Judge WEBB concur.