YATES MOTOR COMPANY, INC., PLAINTIFF v. BEVERLY JANE SIMMONS, DEFENDANT v. RENA BYNUM NOELL, MICHAEL W. NOELL AND HUBERT WARREN NOELL, THIRD-PARTY DEFENDANTS

No. 8015DC824

(Filed 7 April 1981)

1. Costs § 3.1– acceptance of offer of judgment – allowance of attorney fees as part of costs

   Where plaintiff accepted defendants' offer of judgment in a specified amount plus "costs accrued at the time this offer is filed," the trial court had authority to award to plaintiff attorney fees accrued at the time the offer of judgment was made as part of the costs then accrued.

2. Costs § 3.1– allowance of attorney fees as part of costs – "presiding" judge

   In referring to the "presiding" judge in G.S. 6-21.1 as the official to assess attorney fees, the General Assembly did not contemplate that attorney fees would be properly allowed only if the case could not be settled prior to trial.

3. Costs § 3.1– allowance of attorney fee as part of costs – unwarranted refusal to pay claim

   A finding of an unwarranted refusal by defendant to pay plaintiff's claim is required for the allowance of an attorney fee as part of the costs only in suits by an insured or beneficiary against an insurance company.

4. Costs § 3.1– discretion of court to award attorney fees

   The fact that third party plaintiff ultimately agreed to accept a judgment for less than the amount offered her by third party defendants' insurance carrier before plaintiff's suit and her cross-claim were filed did not *ipso facto* deny her the benefit of G.S. 6-21.1, and the trial judge did not abuse his discretion in awarding a reasonable attorney fee to third party plaintiff in her action against third party defendant.

APPEAL by third-party defendants from *Paschal, Judge.* Judgment entered 23 May 1980 in District Court, ORANGE County. Heard in the Court of Appeals 10 March 1981.

This action arose out of a collision between automobiles belonging to third-party plaintiff, Simmons, and third-party defendants Noells. Plaintiff sought recovery for damage to her automobile in the amount of $2,000.00, for loss of use of the car in the sum of $1,540.00, and for an award of reasonable attorney's fees pursuant to the provisions of G.S. 6-21.1. After the pleadings were joined, an offer of judgment was made by defendants, pursuant to the provisions of G.S. 1A-1, Rule 68(a) of the Rules of Civil Procedure. Plaintiff then filed notice of acceptance of the offer of judgment, and subsequently filed a

motion for judgment and for the allowance of a reasonable attorney's fee to be taxed as a part of the cost of the action. Defendants responded, opposing plaintiff's motion for attorney's fees. Following a hearing, the trial court entered judgment for plaintiff awarding the sum set forth in the offer and acceptance judgment, $536.64. In the judgment the trial court also awarded plaintiff the sum of $624.00 for attorney's fees to be taxed as a part of the cost of the action.

Defendants have appealed from the portion of the trial court's judgment awarding attorney's fees.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by Roger B. Bernholz, for Third-party plaintiff appellee.*

*Young, Moore, Henderson & Alvis, by Walter E. Brock, Jr., for Third-party defendant appellants.*

WELLS, Judge.

The only issues presented in this appeal are (1) whether the trial court had authority to award attorney's fees to plaintiff and (2) whether the trial court abused its discretion in making such an award.

[1] I. *The authority of the trial court to award attorney's fees.*

Defendants' offer of judgment was as follows:

NOW COME THE THIRD PARTY DEFENDANTS, Rena Bynum Noell, Michael W. Noell and Hubert Warren Noell, pursuant to G.S. 1A-1, Rule 68(a) more than ten days before the trial of this action and offer that judgment be taken against them in this action for the sum of $536.64 which includes 43 days for the use of the substitute vehicle at $12.00 per day plus 4% sales tax. This offer also includes costs accrued at the time this offer is filed. If this offer is not accepted within ten days after its service, it shall be deemed withdrawn. This offer is made for the purposes set out in Rule 68(a) and for no other purposes.

. . . .

Plaintiff's notice of acceptance was as follows:

TO: Rena Bynum Noell, Michael W. Noell and Hubert Warren Noell, Third Party Defendants

Yates Motor Co. v. Simmons

Please take Notice that Beverly Jane Simmons, Defendant and Third Party Plaintiff, accepts offer of Judgment in the sum of $536.64 tendered by Third Party Defendants herein, together with costs accrued at the time said offer was filed, including those costs taxed by the Court as attorney's fees pursuant to N.C. Gen. Stat. §6-21.1.

.   .   .   .

In support of their argument that G.S. 1A-1, Rule 68(a)[1] does not contemplate or authorize the inclusion of attorney's fees as a portion of the "costs then accrued", defendants first assert that "costs" in the form of attorney's fees had not accrued when the offer of judgment was filed and that the offer was limited to costs then accrued. In *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973) our Supreme Court considered a similar offer and acceptance of judgment and held that the cost should be construed so as to include attorney's fees as a part of the accrued cost. Defendants assert that *Hicks* was wrongly decided, and in support of that position cite *Cruz v. Pacific American Insurance Corporation*, 337 F. 2d 746 (9th Cir., 1964). In *Cruz*, the Court held that because attorney's fees in the case were discretionary with the trial court, they could not be considered as having accrued at the time the offer for judgment was filed under Federal Rule 68(a). Our examination of decisions of the Federal courts does not indicate that *Cruz* is being followed in other circuits. *Compare*, for example, *Mason v. Belieu*, 543 F. 2d 215 (D.C. Cir., 1976) where the Court interpreted Rule 68(a) to require the filing of a bill of cost in order to determine the portion of the attorney's fee which had accrued at the time of offer of judgment and, thus, the proper amount to be allowed as cost. *Compare also Scheriff v. Beck*, 452 F. Supp. 1254 (D. Colo., 1978), involving attorney's fees allowable in a civil rights action. In *Scheriff*, defendant's offer of judgment included costs to date "not including attorney's fees". The Court held that Federal

---

[1]Rule 68. Offer of judgment and disclaimer. (a) *Offer of judgment.* — At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. ...

Rule 68(a) requires that an offer of judgment include payment of cost then accrued and that the Rule does not permit an offeror to choose which accrued cost he is willing to pay. The Court held the offer of judgment to be invalid because it excluded attorney's fees from "cost to date".

We reject defendants' argument and hold that the trial court clearly had the authority to award plaintiff's attorney's fees accrued at the time the offer of judgment was made as a part of the costs then accrued.

[2] Defendants next argue that by referring to the "presiding" judge in G.S. 6-21.1[2] as the official to assess attorney's fees, the General Assembly contemplated that attorney's fees would be properly allowed only if the case could not be settled prior to trial. That argument was presented to and rejected by the Court in *Hicks*, and we reject it here.

Defendants next argue that if *Hicks* is followed literally as to allowing attorney's fees accrued at the time of offer, the trial court has no discretion as to whether such fees are to be allowed, but is limited to setting only the amount of such fees. We find this argument to be entirely unpersuasive. Although our appellate courts have consistently held that G.S. 6-21.1 should be liberally construed to carry out the legislative intent, it is clearly within the discretion of the trial judge as to whether such fees shall be *allowed. See Black v. Insurance Co.*, 42 N.C. App. 50, 255 S.E. 2d 782, *disc. rev. denied*, 298 N.C. 293, 259 S.E. 2d 910 (1979); *Harrison v. Herbin*, 35 N.C. App. 259, 241 S.E. 2d 108, *cert. denied*, 295 N.C. 90, 244 S.E. 2d 258 (1978); *Hubbard v. Casualty Co.*, 24 N.C. App. 493, 211 S.E. 2d 544, *cert. denied*, 286 N.C. 723, 213 S.E. 2d 721 (1975). We see nothing in *Hicks* which would abrogate this long-standing rule.

---

[2] § 6-21.1. Allowance of counsel fees as part of costs in certain cases. — In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs. (Amended 1979).

**[3]** Finally, defendant contends that G.S. 6-21.1 does not authorize allowance of an attorney's fee absent a finding of an unwarranted refusal by defendants to pay plaintiff's claim. That argument was considered and rejected by this Court in *Rogers v. Rogers*, 2 N.C. App. 668, 671-72, 163 S.E. 2d 645, 648-49 (1968), where we held that such a finding is required only in suits by an insured or beneficiary against an insurance company. We believe that *Rogers* states the rule correctly, and we specifically uphold it in this case.

**[4]** II. *The discretion of the trial court to award attorney's fees.*

Defendants contend that if we find that the trial judge had the authority to award attorney's fees in this case, we should find that he abused his discretion in doing so. The factual context for this argument is as follows. Following the collision, plaintiff took her car to Yates Motor Company to be repaired. Yates sub-contracted the repairs to a body shop. Plaintiff leased a car from Yates for use during the repairs to her car. There were delays in the repairs. Plaintiff made a claim against defendants for property damage and for loss of use. Defendants' insurance carriers paid plaintiff the sum of $1,222.01 for property damage and $593.49 for loss of use. Plaintiff returned the $593.49. Plaintiff disputed Yates' charges to her for rental of the leased vehicle and Yates brought suit against plaintiff for these charges. Plaintiff answered and cross-claimed against defendants, alleging damages for loss of use in the sum of $1,540.00 and property damage in the sum of $2,000.00. It is in this context that defendants argue that since their accepted offer of judgment, in the sum of $536.64, was for less than the original offer by the insurance carrier, in the sum of $593.49, plaintiff has acted unreasonably and is therefore not entitled to recover attorney's fees. This is but a different version of defendants' argument that attorney's fees in such cases as this should be allowed only where plaintiff can show an unwarranted refusal by defendants to pay plaintiff's claim, and again we must reject this contention. The record before us indicates that the trial judge was aware of all the circumstances leading up to defendants' offer, and plaintiff's acceptance of offer of judgment. As we view those circumstances, it is clear that plaintiff's entitlement to loss of use damages was significantly impacted by the action filed against her by Yates, and that plaintiff stated a valid defense to Yates' claim and a valid cross-claim against

defendants as to loss of use damages measured by leased vehicle rent. Under such circumstances, the fact that plaintiff ultimately agreed to accept a judgment for less than the amount offered her by defendants' insurance carrier before the Yates' suit and her cross-claim were filed should not *ipso facto* deny her the benefit of G.S. 6-21.1. We hold that the trial judge did not abuse his discretion in awarding plaintiff a reasonable attorney's fee in this case.

The judgment of the trial court is

Affirmed.

Judges VAUGHN and BECTON concur.