In re Nevelle Denise McCAY, aka Nevelle Denise Jones, aka Nevelle Denise Campbell, Debtor.

Laura A. McDONALD, Plaintiff,

v.

Nevelle Denise McCAY, aka Nevelle Denise Jones and Nevelle Denise Campbell, Defendant.

Bankruptcy No. 81–00037.
Adv. No. 81–0027.

United States Bankruptcy Court,
D. Nevada.

July 14, 1981.

---

Gary E. Gowen, Las Vegas, Nev., for plaintiff.

William O'Mara, Reno, Nev., for defendant.

## OPINION AND DECISION

BERT M. GOLDWATER, Bankruptcy Judge.

In Washoe County, Nevada, on December 30, 1979, plaintiff and defendant-debtor (and her then husband) agreed on the terms of the sale of a quarter horse. The parties signed a writing setting forth the price of $700 payable $100 down and $50 per month for the balance, and simultaneously orally agreed that the American Quarter Horse Association (AQHA) registration would be held by the seller as security until payment in full.

Plaintiff moved to Oregon shortly thereafter. She made numerous trips from Klamath Falls to Reno to obtain payments. With great effort she was able to collect two payments of $50 each during the winter and spring of 1980, leaving a balance due of $500.

Prior to bankruptcy, defendant announced she did not intend to pay the debt, moved her residence from time-to-time without once informing plaintiff of a change of address, concealed from plaintiff the whereabouts of the horse, and wrongfully solicited a transfer record so as to circumvent plaintiff's AQHA registration security.

In April 1980, defendant imposed upon Christina Fox, who had originally sold the horse to plaintiff, to sign a transfer for the records of the AQHA in order to show defendant or her daughter, Leslie, as registered owners. Plaintiff at all times was the registered owner and holder of an AQHA certificate dated May 16, 1973, showing the horse Svenska was foaled April 11, 1972 and registered to plaintiff May 7, 1977 with Christina Fox as the prior registrant.

■ The Court finds that defendant, at the time of the agreement of sale, fraudulently induced plaintiff to part with the horse having the intention of not paying the balance of the purchase price unless forced to do so, having in mind a scheme to conceal her whereabouts and the horse so as to frustrate and collection of the debt.

In addition, the transfer of registration was a deliberate and intentional conversion of the property to herself and her daughter when she knew that registration would be transferred only on payment in full. This was willful and malicious.

Under both 11 U.S.C. § 523(a)(2) and (6) the debt is excepted from discharge. Plaintiff is entitled to judgment of $500 or return of the horse. Plaintiff expended a great deal of time and money as a result of defendant's misconduct but failed to establish any amounts of damage or expense.

■ During the pendency of this adversary action defendant's lawyer offered

**140**

"pursuant to the Rules of Civil Procedure" to pay $500 "in full settlement of your client's claim".

Defendant's offer does not conform to Rule 68 of Fed.R.Civ.P. adopted by Bankruptcy Rules, Rule 768. An offer of judgment of $500 in full settlement clearly does not include costs accrued as required by the rule. *Scheriff v. Beck*, 452 F.Supp. 1254 (D.C.Colo.1978). *See also Cruz v. Pacific American Insurance Corporation*, 337 F.2d 746 (9th Cir. 1964).

Costs include attorney's fees in the discretion of the Court. While attorney's fees were not accrued at the time of the offer, they may be allowed where the offer of judgment is invalid. The offer was invalid because it was "in full" without costs and taxable costs of $60 had accrued for filing the adversary case. Plaintiff is entitled to $500 plus $350 attorney's fees and costs of $60 or return of Svenska.