RONALD L. PURDY v. WALTER THOMAS BROWN

No. 8118SC889

(Filed 20 April 1982)

**Costs § 3; Rules of Civil Procedure § 68 — offer of judgment — express exclusion of attorney's fees from "costs then accrued"**

Defendant's offer of judgment which expressly excluded attorney's fees from the tender of "costs then accrued" was invalid as a G.S. 1A-1, Rule 68 offer of judgment and was thus ineffectual to terminate plaintiff's entitlement to any attorney's fees under G.S. 6-21.1 and expert witness fees which the court might allow in its discretion as a part of the costs of the action.

APPEAL by defendant from *Collier, Judge.* Orders entered 18 June 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 April 1982.

*Marquis D. Street for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Robert A. Wicker, for defendant appellant.*

WHICHARD, Judge.

Plaintiff brought this action against defendant seeking (1) $2,514.35 for medical expenses incurred for treatment of injuries sustained in an automobile collision allegedly caused by defendant's negligence, (2) lost wages of $381.25 per week from the time of the collision until final adjudication of the claim, (3) $150,000 for permanent injuries and mental and physical suffering, (4) future medical expenses, (5) court costs, (6) $150,000 in punitive damages, and (7) other and further relief deemed proper. Defendant tendered judgment, purportedly pursuant to G.S. 1A-1, Rule 68, "for the sum of $5,001.00, together with the costs, *except any attorneys' fees*, accrued at the time the offer [was] filed." (Emphasis supplied.) The offer further stated that it "expressly exclude[d] any attorneys' fees as a part of any costs accrued."

Plaintiff did not respond to this offer. The jury returned a verdict for plaintiff in the sum of $3,500.00. Plaintiff then moved for allowance of an attorney's fee pursuant to G.S. 6-21.1. The court found that "it does appear that the . . `. case falls within the intended purpose of N.C.G.S. 6-21.1 in that the verdict is so small that if the plaintiff must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to prosecute a suit on his claim . . . ." It then allowed an attorney's fee of $1,200.00. The court also ordered payment by defendant, as part of the costs, of expert witness fees to four medical witnesses for plaintiff.

Defendant contends that because of plaintiff's failure to respond to his offer of judgment, G.S. 1A-1, Rule 68, requires that plaintiff bear the costs from the time of the offer of judgment; and that the court thus erred in awarding an attorney's fee and expert witness fees to plaintiff as part of the costs. Because it expressly excluded attorney's fees from the tender of "costs then accrued," we hold the offer of judgment fatally defective and invalid under the rule. The awards were thus in the discretion of the court.

In any personal injury suit where the judgment for recovery of damages is $5,000.00 or less, the presiding judge may allow a reasonable attorney's fee, as a part of the costs, to the attorney representing the litigant who obtained the judgment. G.S. 6-21.1. The judgment here was for $3,500.00. Nothing else appearing,

then, the court had discretion to award an attorney's fee, and had "a large measure of discretion in fixing or recommending the amount to be paid." *Hill v. Jones*, 26 N.C. App. 168, 170, 215 S.E. 2d 168, 170, *cert. denied*, 288 N.C. 240, 217 S.E. 2d 664 (1975). *See also Hubbard v. Casualty Co.*, 24 N.C. App. 493, 211 S.E. 2d 544, *cert. denied*, 286 N.C. 723, 213 S.E. 2d 721 (1975); *Callicutt v. Hawkins*, 11 N.C. App. 546, 181 S.E. 2d 725 (1971).

A party defending a claim may, however, offer to allow judgment to be taken against him as specified in his offer, "with costs then accrued." G.S. 1A-1, Rule 68(a). If the offer is not timely accepted, and the judgment finally obtained is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. *Id.* Defendant here made a timely offer of judgment, purportedly pursuant to this rule, to which plaintiff did not timely respond. Nothing else appearing, then, plaintiff would not be entitled to any costs incurred after the making of the offer.

Defendant's offer, however, expressly excepted attorney's fees from his tender of costs accrued at the time the offer was filed. Counsel for defendant indicated in oral argument that he considered *Hicks v. Alberston*, 284 N.C. 236, 200 S.E. 2d 40 (1973), to authorize the exception of attorney's fees from the judgment offered. In *Hicks* defendant made an offer to allow judgment "for the sum of $150.00 plus the costs accrued to the date of this offer." Plaintiff timely served notice of acceptance of this offer of judgment "for the sum of $150.00 plus the costs accrued to the date of said offer to include as a portion of said costs attorney's fees to be taxed against the defendant pursuant to G.S. 6-21.1 accrued to said date in the discretion of the Court." *Id.* at 237, 200 S.E. 2d at 41. The Supreme Court stated that the attorney's fee provided for by G.S. 6-21.1 is not in addition to the court costs but " 'a part of the court costs,' " and that plaintiff's language in his acceptance regarding attorney's fees thus simply "proceeded from a reasonable interpretation by the plaintiff of the defendant's offer." *Id.* at 241, 200 S.E. 2d at 43. The Court then stated: "If this was not the interpretation intended by the defendant, the misunderstanding is due to ambiguous language used by the defendant in making his offer and the defendant must bear any loss resulting therefrom." *Id.*

Defendant apparently relies on the sentence just quoted to support express exclusion of attorney's fees from his tender of

costs accrued at the time of the offer. That sentence was not essential to the holding in *Hicks*, and we do not view it as authorizing the exclusion of attorney's fees from a Rule 68 offer of judgment. Nor do we find other authority in this jurisdiction dispositive of the issue.

G.S. 1A-1, Rule 68(a), was adopted almost verbatim from Rule 68 of the Federal Rules of Civil Procedure. The United States District Court for the State of Colorado has held that an offer of judgment pursuant to that rule which excluded attorney's fees then accrued was fatally defective and invlaid on that account. *Scheriff v. Beck*, 452 F. Supp. 1254 (1978). The court stated: "Rule 68 does not permit an offeror to choose which accrued costs he is willing to pay." *Id.* at 1260. *See also In Re McCay*, 12 B.R. 138 (1981) (offer to pay $500 "in full settlement of your client's claim" held not to conform to Fed. R. Civ. P. 68, adopted by Bankruptcy Rules, Rule 768, because it did not include costs accrued, which include attorney's fees in the discretion of the court, as required by the rule).

In the absence of controlling authority to the contrary, we view the *Scheriff* rule as the preferable policy. Rule 68 does not expressly authorize exclusion of attorney's fees from the tender of "costs then accrued." It requires, as part of an offer of judgment valid thereunder, tender of "costs then accrued." By statute, the presiding judge may, in a personal injury suit where the judgment is $5,000.00 or less, allow a reasonable attorney's fee to the party obtaining the judgment, "to be taxed *as a part of the court costs.*" G.S. 6-21.1 (Emphasis supplied.) An attorney's fee allowed in such actions is thus a part of the costs, and a fee for attorney services rendered through the time the Rule 68 offer is extended is a part of the "costs then accrued" within the intent and meaning of that phrase as used in the rule. *See Yates Motor Co. v. Simmons*, 51 N.C. App. 339, 276 S.E. 2d 496, *disc. rev. denied,* 303 N.C. 320, 281 S.E. 2d 660 (1981). An exclusion of attorney's fees for services through the time of offer thus renders an offer in non-conformance with the requirement of the rule that the offer include "costs then accrued."

Defendant's tender of judgment exclusive of attorney's fees was therefore fatally defective and invalid as a Rule 68 offer of judgment for its failure to comport with this requirement of the

rule. It was thus ineffectual to terminate plaintiff's entitlement to any attorney's fees and expert witness fees which the court might allow.

Defendant's contention that G.S. 6-21.1 should not apply in cases brought in the Superior Court Division seeking judgments in excess of $5,000.00 is without merit. The amount of the judgment obtained, not the amount of the judgment sought, governs applicability of the statute. The judgment obtained here was within the range which invokes operation of the statute.

Because defendant's tender was fatally defective and invalid as a Rule 68 offer of judgment, the awarding of costs remained in the court's discretion. No abuse has been shown in the exercise of that discretion to award an attorney's fee and expert witness fees to plaintiff. The orders appealed from are therefore affirmed.

Affirmed.

Judges WEBB and WELLS concur.