ALLEN PARKER, Plaintiff v. BRIAN KEITH HENSLEY, Defendant

No. COA05-299

(Filed 7 February 2006)

**1. Costs— attorney fees—failure to make findings of fact**

The trial court erred in a negligence case arising out of an automobile accident by failing to make findings to support the $500 award of attorney fees under N.C.G.S. § 6-21.1, and the case is remanded to the trial court to make proper findings to support whatever amount the trial judge decides in his discretion is appropriate in this case, because: (1) where a trial court awards attorney fees under N.C.G.S. § 6-21.1, the trial court must also make findings of fact supported by competent evidence concerning the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence; and (2) the mere recitation that the fees are reasonable without further findings is inadequate.

**2. Costs— denial—abuse of discretion standard**

The trial court did not abuse its discretion in a negligence case arising out of an automobile accident by denying plaintiff costs under N.C.G.S. § 6-20.

Judge JOHN concurring in part and dissenting in part.

Appeal by Plaintiff from judgment entered 28 September 2004 by Judge Jerry R. Tillett in Superior Court, Edgecombe County. Heard in the Court of Appeals 15 November 2005.

*Braxton H. Bell, for plaintiff-appellant.*

*Poyner and Spruill, LLP, by Randall R. Adams, for defendant-appellee.*

WYNN, Judge.

"If the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 572, 551 S.E.2d 852, 856 (2001) (citation omitted). In this case, Plaintiff argues that the trial court awarded Plaintiff attorney fees under North Carolina General Statute section 6-21.1 without making any findings of fact to support the *amount* of the award.

*See* N.C. Gen. Stat. § 6-21.1 (2005). As we agree with Plaintiff's contention, we remand this case to the trial court for further findings of fact.

This matter arises from a vehicular collision on 10 March 2003, in which Plaintiff's new pickup truck was damaged as a result of Defendant's negligence. Plaintiff demanded Defendant's liability insurance carrier, Farm Bureau Mutual Insurance Company, replace his damaged truck with a new truck. But Farm Bureau declined to replace Plaintiff's truck, agreeing instead to repair the truck and address any issue regarding "diminution in value" after completing the repairs. The truck was repaired at a cost of $5,737.63, which is not an issue in this matter. Instead, the parties disagreed as to the amount to be attributable for "diminution in value" (Farm Bureau initially offered up to $2000, but Plaintiff demanded $8,500.00).

Plaintiff retained counsel and filed suit on 18 July 2003. In October 2003, Defendant served an Offer of Judgment for $4,385.73, but Plaintiff requested $8,500.00 plus attorney fees and costs, or, alternatively, "a comparable truck less minimal allowance for mileage, loss of use and attorney fees and costs." Thereafter, the parties unsuccessfully attempted to mediate this matter.

This matter went to trial on 1 June 2004. Before jury selection, Defendant offered $6,000.00 but Plaintiff demanded $7,500.00. In closing arguments, however, Plaintiff asked the jury for a total verdict of $5,500.00, which was the maximum "diminution in value" Plaintiff's evidence supported. The jury returned a verdict for Plaintiff in the amount of $4,500.00 for "diminution in value".

Following the jury verdict, Plaintiff moved for an award of $8,964.50 in attorney fees[1] and $1,701.00 in costs. On 24 August 2004, the trial court awarded Plaintiff attorney fees in the amount of $500.00, but denied Plaintiff's request for costs.

---

[1] Plaintiff first argues that the trial court failed to make findings to support the award of attorney fees in the amount of $500.00 under North Carolina General Statute section 6-21.1. We agree.

---

1. Plaintiff's motion also stated:

29. Plaintiff retained counsel . . . on a one-third contingency fee plus cost contract.

30. Notwithstanding this one-third contract contingency fee contract counsel for the Plaintiff waives the one-third fee provision and relies on the Court for an award of attorney fees consistent with N.C.G.S. § 6-21.1.

Preliminarily, we note that the issue on appeal concerns the *amount* of the attorney fee award, not whether attorney fees should be awarded which the trial court in this case, *in its discretion,* elected to do after considering the factors under *Washington v. Horton,* 132 N.C. App. 347, 351, 513 S.E.2d 331, 334 (1999) (holding that the decision to allow attorney fees rests with the trial judge, and that decision may only be reversed for an abuse of discretion). *See* N.C. Gen. Stat. § 6-21.1 (providing that where the recovery of damages is $10,000.00 or less in a property damage suit, upon a finding that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis for such suit, the presiding judge has discretion to grant attorney fees).

The amount of attorney fees is also discretionary. *Black v. Standard Guaranty Ins. Co.,* 42 N.C. App. 50, 53, 255 S.E.2d 782, 784 (1979). However, the trial court's discretion is not "unbridled." *Thorpe,* 144 N.C. App. at 571, 551 S.E.2d at 856. Indeed, where a trial court awards attorney fees under North Carolina General Statute section 6-21.1, the trial court must also make findings of fact supported by competent evidence concerning "the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Id.*; *see also Porterfield v. Goldkuhle,* 137 N.C. App. 376, 528 S.E.2d 71 (2000). The mere recitation that the fees are "reasonable" without further findings is inadequate. *Id.*

Here, the amount of attorney fees awarded is not supported by the trial court's findings of fact or conclusions of law. The trial court awarded attorney fees in the amount of $500.00 where Plaintiff's counsel provided an affidavit and detailed worksheet outlining his fees to support an award in the amount of $8,964.50. The trial court awarded attorney fees based only on the following conclusion:

18. For all of the foregoing reasons the Court finds, in its discretion that Plaintiff should recover attorney's fees in the amount of $500.00.

Although the trial court heard arguments in support of attorney fees, it failed to make findings concerning: (1) the reasonable time and labor for Plaintiff's counsel to expend, (2) skill required by this case, (3) the customary fee for similar cases and (4) the experience and ability of the Plaintiff's attorney. *See Thorpe,* 144 N.C. App. at 572, 551 S.E.2d at 856. Because the trial court's findings of fact are insufficient for us to determine whether the amount of the award of attor-

ney fees is reasonable, we remand for the trial court to make findings of fact on the time and labor expended by Plaintiff's counsel, the skill required and the customary fee for similar work, and Plaintiff counsel's experience or ability. We note, however, that we do not disapprove of the actual amount awarded by the trial court in this case; indeed, we return this matter to the trial court to make proper findings to support whatever amount the trial judge decides in his discretion is appropriate in this case.

[2] Plaintiff next contends the trial court erred in denying him costs under North Carolina General Statute section 6-20. An award of costs under section 6-20 is discretionary. *See* N.C. Gen. Stat. § 6-20 (2005) (providing, "[C]osts may be allowed or not, in the discretion of the court[.]"). As we can discern no abuse of discretion by the trial court, we uphold the denial of costs in this matter.

Remanded in part, Affirmed in part.

Judge STEELMAN concurs.

Judge JOHN concurs in part and dissents in part with separate opinion.

JOHN, Judge, concurring in part and dissenting in part.

Because I believe the amount of attorney fees awarded plaintiff by the trial court did not constitute an abuse of discretion, I must respectfully dissent from that portion of the majority opinion remanding for additional findings. I concur in that portion of the majority opinion affirming the trial court's denial of an award of costs.

The majority remands "for the trial court to make findings of fact on the time and labor expended by Plaintiff's counsel, the skill required and the customary fee for similar work, and Plaintiff counsel's experience and ability." However, these factors were not contested in the trial court. Counsel for plaintiff proffered to the trial court a detailed affidavit containing all the information the majority deems lacking in the court's judgment. Counsel for defendant stated he "d[id no]t disagree with Mr. Bell's affidavit" and that he felt the rate and hours represented were "fair."

Contested below was the question of whether the amount of time expended by plaintiff's counsel was commensurate with a case in which the maximum amount of recovery supported by plaintiff's evi-

dence (and which amount plaintiff's counsel sought in his jury argument) was *less* than the sum offered by defendant in settlement (and which latter figure likewise was *greater* than the jury verdict). Thus the issue before this Court is not whether the trial court's judgment contained findings irrelevant to the dispute at hand, but whether a trial court's order constituted an abuse of discretion in light of its exhaustive, four-page recitation of findings addressing, and its consideration of, the guidelines set out in *Washington v. Horton,* 132 N.C. App. 347, 513 S.E.2d 331 (1999).

To show an abuse of discretion, an appellant must demonstrate the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis,* 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). In *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.,* 146 N.C. App. 449, 553 S.E.2d 431 (2001), *disc. review denied,* 356 N.C. 315, 571 S.E.2d 220 (2002), this Court considered whether the trial court abused its discretion in awarding attorney fees absent "appropriate findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Id.* at 468, 553 S.E.2d at 444. In that case, as in the case *sub judice,* an extensive affidavit was presented to the trial court addressing such matters, and the award of fees was not challenged upon those grounds but rather upon the contention that portions of the requested fees were unrelated to the matter at hand. *Id.* The trial court's award of attorney fees in *Whiteside, see id.,* contained a statement similar to the trial court's recitation herein that it had reviewed "the entire record, including Plaintiff's Motion for Attorney's Fees, the arguments of counsel, the Court file, and the Court's own recollection of how this case was tried[.]" This Court concluded in *Whiteside* that, under the circumstances presented and notwithstanding the absence of the findings noted above, it "c[ould] not find an abuse of discretion" and affirmed the award of attorney fees. *Id.*

In the instant case, all the information required by the majority opinion of the trial court in the form of findings of fact was without question before that court, and is essentially uncontested and irrelevant to the court's award of attorney fees. The trial court set forth extensive findings addressing the *Washington* factors and in consideration thereof reasoned that "Plaintiff should recover attorney's fees in the amount of $500.00." Reviewing the trial court's plenary findings and following the mandate of *Whiteside, see In the Matter of Appeal from Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("a

**IN RE O.S.**

[175 N.C. App. 745 (2006)]

panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court"), I cannot say the court's decision was "manifestly unsupported by reason or [wa]s so arbitrary that it could not have been the result of a reasoned decision." I therefore vote to affirm the trial court's judgment in its entirety.