OBIE G. HILL v. DAVID RAY JONES AND H. R. JONES TOOL & SUPPLY COMPANY

No. 7518DC180

(Filed 4 June 1975)

Costs § 3— personal injury action — attorney fee — prior trial, appeal, retrial — necessity for findings of fact

The trial court in a personal injury action involving a recovery of $2,000.00 or less has authority under G.S. 6-21.1 to award a reasonable attorney fee for services rendered in a prior trial, an appeal to the Court of Appeals and the retrial; however, the court must make some findings of fact to support the award although the findings may be limited to the quantity and quality of all the services rendered by the attorney until final determination of the action.

APPEAL by defendants from *Fowler, Judge.* Judgment entered 22 October 1974 in District Court, GUILFORD County. Heard in Court of Appeals 7 May 1975.

This appeal is limited to that part of the judgment which awards an attorney's fee of $1,000.00 to Hubert E. Seymour, Jr., counsel for plaintiff.

This action was instituted by plaintiff in the Guilford County District Court to recover property damages to his automobile. At trial during the 17 September 1973 Session, the Court granted defendants' motion for directed verdict at the conclusion of plaintiff's evidence. Plaintiff appealed to the North Carolina Court of Appeals, which in 22 N.C. App. 189, 205 S.E. 2d 737, remanded the case for new trial. At trial during the 23 September 1974 Session of Guilford County District Court the jury awarded plaintiff the sum of $379.24, the amount prayed for.

Therefore, Hubert E. Seymour, Jr., filed a motion under G.S. 6-21.1 for the award of a fee as plaintiff's counsel for the two trials in District Court and the appeal, alleging that he had expended over thirty hours of time which was reasonably worth $1,500.00. Without finding facts, the judgment provided for an attorney's fee of $1,000.00.

Defendants appealed contending that the District Court had no right to award a fee for the first trial or the appeal and that the sum awarded was excessive.

*Hubert E. Seymour, Jr., for plaintiff.*

*Henson, Donahue & Elrod by Joseph E. Elrod III and Kenneth R. Keller for defendants.*

CLARK, Judge.

G.S. 6-21.1 provides as follows:

"In any personal injury or property damage suit, . . . instituted in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs."

The statute creates an exception to the general rule that attorney's fees are not allowable as part of the costs in civil actions. *City of Charlotte v. McNeely,* 281 N.C. 684, 190 S.E. 2d 179 (1972). "The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope." *Hicks v. Albertson,* 284 N.C. 236, 239, 200 S.E. 2d 40, 42, *aff'g,* 18 N.C. App. 599, 197 S.E. 2d 624 (1973).

Under the statute the judge presiding in the court which enters the judgment for recovery "may, in his discretion, allow a reasonable attorney fee." Neither the judge presiding at the

Hill v. Jones

first trial nor the Court of Appeals on appeal has authority to allow the fee because no final judgment for recovery has been entered. If the judge presiding in the court where judgment for recovery was entered has no authority to award a reasonable attorney fee for services rendered in the first trial and on appeal to the Court of Appeals, the obvious purpose of the statute would be defeated; the payment by the plaintiff of his attorney out of his recovery of $379.24 for services rendered in the first trial and on appeal would not be "economically feasible". Annot., 18 A.L.R. 3d 1074, 1104 (1968).

Though generalizations are difficult in view of varying state statutory provisions providing for compensation of attorneys, it is generally held that the presiding judge may award compensation for legal services rendered on appeal. See Annot., 18 A.L.R. 3d 1074, 1096 (1968).

Where the statute provides for the award of "a reasonable attorney fee" the court has a large measure of discretion in fixing or recommending the amount to be paid. *Hicks v. Albertson, supra;* Annot., 18 A.L.R. 3d 1074, 1104 (1968).

While it may be inferred that the District Court based its award of the attorney fee on the written motion filed by plaintiff's attorney wherein he requested payment for services rendered in the first trial, on appeal, and in the second trial, expending over thirty hours of time, the judge presiding made no findings of fact upon which the determination of the requisite reasonableness could be based. We have required such findings by the courts in determining reasonable counsel fees in domestic relations cases, *Rickenbaker v. Rickenbaker,* 21 N.C. App. 276, 204 S.E. 2d 198 (1974); *Austin v. Austin,* 12 N.C. App. 286, 183 S.E. 2d 420 (1971), and also in condemnation cases. *Redevelopment Comm. v. Weatherman,* 23 N.C. App. 136, 208 S.E. 2d 412 (1974); *Redevelopment Comm. v. Hyder,* 20 N.C. App. 241, 201 S.E. 2d 236 (1973).

We hold that in awarding reasonable counsel fees under G.S. 6-21.1, the judge presiding must make some findings of fact to support the award. Since the statute determines the nature of action and limits the amount involved, the findings of fact may be limited to the quantity and quality of all the services rendered by the attorney for his client until the final determination of the action for which the judge presiding, in his discretion, allows an attorney fee. In this case, if the judge

presiding in the Guilford County District Court awarded the fee to plaintiff's attorney for his services in the preparation of pleadings, preparation for trial and jury trial at the 17 September 1973 Session of the District, for his preparation of appeal records and brief and his argument on his appeal to the Court of Appeals after the District Court granted defendants' motion for directed verdict, and for preparation for trial and jury trial at the 23 September 1974 Session of District Court, all of which services were skillfully and efficiently performed, then the judge presiding should have made such findings of fact to support the award.

Further, we hold that the judge presiding in the Guilford County District Court may, in his discretion, allow a fee to plaintiff's attorney for his services rendered to his client on this appeal. If so, he should find facts to support the award.

This cause is remanded to the District Court of Guilford County for findings of fact and the award of an attorney fee to plaintiff's attorney consistent with this opinion.

The judgment is

Modified and remanded.

Judges MARTIN and ARNOLD concur.