DAVID McCOY CRISP v. WILLIAM HENRY COBB

No. 842DC836

(Filed 2 July 1985)

1. **Automobiles and Other Vehicles § 50.1— striking vehicle sitting in road— absence of negligence**

     Defendant was not negligent in bringing about a collision, and the doctrine of last clear chance thus did not apply, where plaintiff's car was situated diagonally across the center line of the highway at night partially blocking both lanes, defendant was rounding a curve and did not see that plaintiff's car was blocking his lane of travel until he was 100 feet away, and defendant was unable to turn to either side because a large ditch was on one side and plaintiff and other people were on the other.

2. **Costs § 3.1— property damage action— attorney fee as part of costs**

     The trial court was authorized by G.S. 6-21.1 to award a fee to defendant's attorney as part of the costs of defendant's counterclaim in a property damage suit in which the damages recovered were less than $5,000. Since the suit was not on an insurance policy, a finding that plaintiff's refusal to pay was unwarranted was not required.

APPEAL by plaintiff from *Hardison, Judge*. Judgment entered 7 May 1984 in District Court, BEAUFORT County. Heard in the Court of Appeals 4 April 1985.

Plaintiff sued defendant for the damage done to his car in a motor vehicular collision. Defendant counterclaimed and the parties waived a jury trial. The trial judge after hearing the evidence rendered judgment for the defendant on his counterclaim and awarded a fee to defendant's attorney as part of the costs.

*James R. Vosburgh for plaintiff appellant.*

*Rodman, Holscher & Francisco, by Edward N. Rodman, for defendant appellee.*

PHILLIPS, Judge.

[1]  Of the two issues raised by this appeal the first is whether the court erred in concluding that defendant was not negligent in bringing about the collision sued for and that the doctrine of last clear chance does not apply. We are of the opinion that he did not and affirm the judgment.

Like a jury, the judge was at liberty to pick and choose from the evidence as he saw fit, and the findings and conclusions made are supported by recorded evidence which the court converted into findings of fact somewhat to the following effect: Plaintiff's car was situated diagonally across the center line of the highway at night, partially blocking both lanes; defendant, rounding a gradual curve at approximately fifty miles per hour, did not see that plaintiff's car was blocking his lane of travel until he was about one hundred feet away, and was unable to turn to either side because a large ditch was on one side and plaintiff and other people were on the other; defendant's car skidded into plaintiff's car while traveling approximately twenty miles an hour. These findings support the conclusion that defendant was not negligent. Having concluded defendant was not negligent, the ruling that the doctrine of last clear chance had no application necessarily followed as a matter of course. *Clodfelter v. Carroll*, 261 N.C. 630, 135 S.E. 2d 636 (1964). No finding was made that defendant saw or should have seen plaintiff's car when far enough away to have stopped his car before the collision, and since fact finders have great leeway in determining what facts have been proven, we cannot say from the record that such a finding was required.

[2]  The other issue presented is whether the court erred in allowing defendant reasonable attorney fees. Since this is a property damage suit in which the damages recovered are less than $5,000, the award of attorney fees was authorized by G.S. 6-21.1. And since the suit is not on an insurance policy a finding that plaintiff's refusal to pay was unwarranted was not required. *Rogers v. Rogers*, 2 N.C. App. 668, 163 S.E. 2d 645 (1968).

Affirmed.

Judges ARNOLD and COZORT concur.