BROOKWOOD UNIT OWNERSHIP ASSOCIATION, Plaintiff v. WELBON DELON and BARBARA A. DELON, Defendants

No. COA96-21

(Filed 5 November 1996)

1. Housing § 74 (NCI4th)— condominium—assessment—attorney's fees—in excess of fifteen percent

The trial court did not err in awarding plaintiffs attorney's fees in excess of fifteen percent of plaintiffs' judgment in an action arising from a condominium assessment. The controlling statute is N.C.G.S. § 47C-4-117, which provides for the award of a reasonable attorney's fee to the prevailing party. Although defendant argues that N.C.G.S. § 6-21.2(2) creates a broad general rule that "reasonable" attorney's fees always mean fifteen percent of the outstanding balance, N.C.G.S. § 47C-4-117 is a subsequently enacted more specific statute and, absent express direction from the General Assembly, the Court of Appeals cannot give greater effect to the earlier, more general provisions.

Am Jur 2d, Condominiums and Cooperative Apartments § 37.

Expenses for which condominium association may assess unit owners. 77 ALR3d 1290.

**2. Housing § 74 (NCI4th); Attorneys at Law § 55 (NCI4th)— condominium—assessment—attorney's fees—no findings as to reasonableness**

The trial court erred by not making findings of fact as to whether plaintiffs' attorney's fees were reasonable in an action arising from a condominium assessment.

**Am Jur 2d, Condominiums and Cooperative Apartments § 37.**

**Expenses for which condominium association may assess unit owners. 77 ALR3d 1290.**

Appeal by defendants from order entered 31 August 1995 by Judge Joseph Buckner in Orange County District Court. Heard in the Court of Appeals 25 September 1996.

Plaintiff Brookwood Unit Ownership Association ("Association") is a unit ownership project organized pursuant to the North Carolina Unit Ownership Act. G.S. 47A-1 to -37 (1983). Defendants Welbon Delon and Barbara A. Delon, as owners of condominium unit number 13, are members of plaintiff Association.

In the summer of 1988, architect Knox Tate investigated the cause of a sagging floor in one unit and found that poor ventilation and a build-up of excess moisture had caused extensive "dry rot" in the structural members under the unit. Upon learning of this problem, the Association's Board of Directors ("Board") directed Mr. Tate to inspect the remainder of the premises. Mr. Tate's completed inspection revealed that the moisture problem had caused severe and extensive structural problems affecting fifty-seven of the total sixty-one condominium units. The extent of the damage threatened the stability of the structures and the safety of the occupants.

Upon Mr. Tate's recommendation, the Board undertook various repairs including replacing damaged structural members, installing fans, adding foundation vents, installing plastic sheeting at ground level and installing new drainage equipment. The Board determined that the repairs were maintenance expenses and assessed a common charge on every unit, including those units not directly affected by the repairs. As their unit was unaffected by the dry rot, defendants refused to pay the common charge, contending that the repairs were capital improvements for which they could only be charged a special assessment following a vote by the unit owners.

Ultimately, on 19 October 1988, plaintiff Association filed a complaint against defendants seeking arrearage in the amount of $1,670.00, which complaint plaintiff later amended to seek total damages of $5012.00. After trial, the court entered judgment in favor of defendants, finding that the Board had indeed violated the Association's own bylaws in charging defendants as it did. On 5 April 1993, plaintiff appealed and on 3 January 1995 this Court reversed the judgment of the trial court and remanded the cause to the district court for entry of judgment in favor of plaintiff.

Thereafter, on 7 April 1995, plaintiff filed a "motion for appeal costs and attorney's fees." Orange County District Court Judge Joseph Buckner heard plaintiff's motion and, on 31 August 1995, Judge Buckner ordered defendants to pay plaintiff $15,408.00 for attorney's fees and costs incurred in bringing the cause of action against defendants.

Defendants appeal.

*Hunter Law Firm, by R. Christopher Hunter and Gregg S. Pasternack, for plaintiff-appellee.*

*Paul G. Ennis for defendant-appellants.*

EAGLES, Judge.

[1] Defendants first argue that the trial court erred in awarding reasonable attorney's fees in excess of fifteen percent of the plaintiff's judgment. Defendants argue that G.S. 6-21.2(2) is controlling and provides the fifteen percent limitation on the recovery of attorney's fees. We disagree.

Plaintiff Association is a unit ownership project created prior to 1 October 1986 and organized pursuant to the North Carolina Unit Ownership Act. G.S. 47A-1 to -37 (1983). Thereafter, effective 1 October 1986, the General Assembly enacted the North Carolina Condominium Act as codified at 47C-1-101 *et seq.* (1986). Generally speaking, the Condominium Act applies prospectively "to all condominiums created . . . after October 1, 1986." G.S. 47C-1-102 (1986). The Condominium Act also expressly lists, however, a number of sections which are to be retroactively applied to condominiums created prior to 1 October 1986.

One of these provisions, G.S. 47C-4-117, expressly authorizes the recovery of attorney's fees and provides in pertinent part:

If a declarant or any other person subject to this chapter fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of person adversely affected by that failure has a claim for appropriate relief. The court may award reasonable attorney's fees to the prevailing party.

G.S. 47C-4-117 (1986). This statute is specific authority contained within the very Chapter that currently governs in part the operation of plaintiff Association. G.S. 47C-1-102 expressly provides that G.S. 47C-4-117 applies to plaintiff Association and all others similarly situated. Accordingly, we conclude that G.S. 47C-4-117 is controlling here.

Defendant would have us believe that G.S. 6-21.2(2) somehow supersedes G.S. 47C-4-117 and creates a broad general rule that "reasonable" attorney's fees always means fifteen percent of the outstanding balance. We are not persuaded. In 1967, the General Assembly enacted G.S. 6-21.2 as part of a package of provisions designed to amend the "Uniform Commercial Code 'and other related statutes.'" *Stillwell Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 293, 266 S.E.2d 812, 816-17 (1980) (citations omitted). Nineteen years later, in 1986, the General Assembly enacted the North Carolina Condominium Act, which was based upon the Uniform Condominium Act promulgated by the National Conference of Commissioners on Uniform State Laws. Had the General Assembly wished that the recovery of attorney's fees under the Condominium Act be governed by G.S. 6-21.2, the General Assembly could have included language to that effect. G.S. 47C-4-117 is a subsequently enacted, more specific statute and, absent express direction from the General Assembly, we cannot give greater effect to the earlier, more general provisions of G.S. 6-21.2.

[2] Defendant next argues that the trial court erred in failing to make findings of fact as to whether plaintiff's attorney's fees were "reasonable." We agree.

It is well-settled that when awarding reasonable attorney's fees, the trial court must make findings of fact to support the award. *E.g.*, *Hill v. Jones*, 26 N.C. App. 168, 170, 215 S.E.2d 168, 170, *disc. review denied*, 288 N.C. 240, 217 S.E.2d 664 (1975).

[T]o determine if an award of counsel fees is reasonable, "the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and

ST. PAUL FIRE AND MARINE INS. CO. v. N.C. MOTOR VEH. REINSURANCE FAC.

[124 N.C. App. 450 (1996)]

the experience or ability of the attorney" based on competent evidence.

*West v. Tilley*, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (1995) (quoting *United Laboratories, Inc. v. Kuykendall*, 102 N.C. App. 484, 494, 403 S.E.2d 104, 111 (1991), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993) (citations omitted)). The record here contains no findings whatsoever with regard to the reasonableness of the attorney's fees awarded. Accordingly, we remand with direction to the trial court to make findings of fact as to the reasonableness of the attorney's fees sought to be recovered by plaintiff.

Affirmed in part, reversed in part and remanded.

Judges MARTIN, JOHN C., and SMITH concur.