JOAN COOLEY PORTERFIELD v. KAREN LYNN GOLDKUHLE

No. COA99-1055

(Filed 4 April 2000)

**Costs— attorney fees—findings of fact required**
> The trial court abused its discretion in a negligence case by failing to make the required findings of fact to support the award of attorney fees to plaintiff under N.C.G.S. § 6-21.1.

Appeal by defendant from judgment entered 17 May 1999 by Judge William H. Freeman in Forsyth County Superior Court. Heard in the Court of Appeals 27 March 2000.

*Caudle & Spears, P.A., by L. Cameron Caudle, Jr., for plaintiff appellee.*

*Burton & Sue, L.L.P., by Gary K. Sue and James D. Secor, III, for defendant appellant.*

SMITH, Judge.

Plaintiff brought an action for negligence against defendant for injuries sustained in an automobile accident, seeking damages in excess of $10,000. After a jury awarded her $1,000 in damages, plaintiff filed a post-trial motion for attorney's fees pursuant to N.C. Gen. Stat. 6-21.1 (1999). In support of the motion, plaintiff's counsel submitted an affidavit and time sheets to the court reflecting fees of $6,953.

At the motion hearing, defendant argued against a fee award in light of the limited success enjoyed by plaintiff. Defense counsel

**PORTERFIELD v. GOLDKUHLE**

[137 N.C. App. 376 (2000)]

noted the jury's verdict was identical to settlement offers tendered by the defense and well below the inflexible $30,000 settlement position maintained by plaintiff. Defendant alleged making the following three settlement offers at various stages of the action: (1) $1,000 offered by her insurance claims representative prior to the institution of the suit; (2) $1,001 offered at a mediated settlement conference; and (3) $1,001 offered pre-trial. Defendant admitted she never filed an offer of judgment pursuant to N.C.R. Civ. P. 68(a). She also largely accepted the reasonableness of the time sheets submitted by plaintiff's counsel, except for a charge for travel time to Charlotte.

Plaintiff's counsel contested whether any pre-suit offer was made. He noted the offer at the mediated settlement conference came after plaintiff expended $300 in costs.

In granting plaintiff's motion, the trial judge justified the award of attorney's fees as follows:

I do remember there was a $1,000 offer made at the settlement negotiations right prior to the trial. I remember, too, that there was no willingness to even discuss any negotiations above that; plus the parties were so far apart, there was really no meaningful settlement negotiations at all.

But, anyway, based on the offer and the verdict and the other matters of record, the Court, in its discretion would award attorney fees in the amount of $4,000 . . . .

Defense counsel requested that an order be entered which contained findings of fact, but the court denied the request, stating, "It's all in my discretion, anyway."

In its judgment filed 17 May 1999, the superior court awarded plaintiff $1,000 plus interest from 12 January 1998, reflecting the jury verdict in her favor. The judgment further provided that "the presiding Judge, in his discretion hereby allows $4,000 as a reasonable attorney fee . . . ." Costs totaling $897.52 of and a medical expert fee of $275 were also assessed against defendant.

Defendant filed timely notice of appeal. She argues the trial court abused its discretion in awarding attorney fees under N.C. Gen. Stat. § 6-21.1, without considering the entire record as required by *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999). Defendant claims the court's decision rewarded plaintiff's unreasonable refusal of her pre-suit and pre-trial settlement offers.

Defendant also challenges the award of a fee four times greater than the jury verdict.

In any personal injury action where the judgment for recovery is less than $10,000, the trial judge may award the plaintiff a reasonable attorney's fee as part of costs under N.C. Gen. Stat. § 6-21.1. The award of attorney's fees pursuant to this statute is a matter of judicial discretion. *See Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334 (citing *McDaniel v. N.C. Mutual Life Ins. Co.*, 70 N.C. App. 480, 483, 319 S.E.2d 676, 678, *disc. review denied*, 312 N.C. 84, 321 S.E.2d 897 (1984)). In exercising that discretion, however, the trial court "must make some findings of fact to support the award." *Hill v. Jones*, 26 N.C. App. 168, 170, 215 S.E.2d 168, 170, *cert. denied*, 288 N.C. 240, 217 S.E.2d 664 (1975).

In deciding whether a fee award under N.C. Gen. Stat. 6-21.1 is appropriate, the court must consider the entire record, including the following factors:

> (1) settlement offers made prior to the institution of the action . . .; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict[.]

*Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334-35 (citations omitted). If the court elects to award attorney's fees, it must also enter findings to support the amount awarded. "[T]o determine if an award of counsel fees is reasonable, 'the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney' based on competent evidence." *Brookwood Unit Ownership Assn. v. Delon*, 124 N.C. App. 446, 449-50, 477 S.E.2d 225, 227 (1996) (quoting *West v. Tilley*, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (1995) (quoting *United Laboratories, Inc. v. Kuykendall*, 102 N.C. App. 484, 494, 403 S.E.2d 104, 111 (1991), aff'd, 335 N.C. 183, 437 S.E.2d 374 (1993))).

After carefully reviewing the record on appeal, we find the district court abused its discretion in failing to make the required findings of fact to support the fee award. No findings appear in the written judgment, and the hearing transcript reveals, at most, findings

that a settlement offer "right prior to trial" was rejected and no meaningful negotiations were held due to the parties' intransigence. Absent additional findings of fact, we cannot determine if the court's decision was based on a proper review of the record under *Washington*. We note, for example, that the court left unresolved a factual dispute as to the existence of a $1,000 settlement offer made prior to the institution of the lawsuit, a question of fact significant under factors (1) and (5) of the *Washington* analysis. *See Hicks v. Albertson*, 18 N.C. App. 599, 601, 197 S.E.2d 624, 625, *aff'd*, 284 N.C. 236, 200 S.E.2d 40 (1973). We therefore reverse the award of fees and remand for further review and fact-finding in accordance with *Washington* and *Brookwood*.

Defendant does not challenge the amount of the underlying judgment and expressly abandons her challenge to the costs and expert witness fee awarded plaintiff. Our decision leaves these portions of the judgment undisturbed.

Affirmed in part, reversed in part, and remanded.

Chief Judge EAGLES and Judge WALKER concur.