TONY HARRIS TEW, PLAINTIFF v. DORIS CROSS WEST, DEFENDANT

No. COA00-507

(Filed 15 May 2001)

**1. Costs— settlement offer and verdict identical—costs allowed—attorney fees**

The trial court did not err by awarding attorney fees to plaintiff under N.C.G.S. § 6-21.1 in an action arising from a car accident where defendant had twice offered to settle for $5,000, the jury returned a verdict of $5,000, and the court also awarded plaintiff $555 in costs. The trial court made findings on the factors set out in *Washington v. Horton*, 132 N.C. App. 347, and the judgment was more favorable than the settlement offer.

**2. Costs— settlement offer and verdict identical—costs and attorney fees allowed—final judgment controlling**

The trial court did not err in an action arising from an automobile accident by taxing plaintiff's costs against defendant where defendant had twice offered $5,000 to settle, the jury returned a verdict of $5,000, and the court allowed plaintiff costs and attorney fees. Due to the granting of costs and attorney fees, the judgment finally obtained is more favorable because plaintiff receives the full $5,000 without having to reimburse court costs or compensate counsel. The verdict by the jury is not synonymous with the judgment finally obtained. N.C.G.S. § 1A-1, Rule 68.

**TEW v. WEST**

[143 N.C. App. 534 (2001)]

3. **Costs— settlement offer and verdict identical–plaintiff's attorney fees and costs allowed–denial of defendant's costs**

The trial court did not err in an action arising from an automobile accident by denying defendant's Rule 68 motion for costs where defendant had twice offered to settle for $5,000, the jury returned a verdict for $5,000, and the court allowed plaintiff attorney fees and costs. The judgment finally obtained was more favorable than defendant's offer.

Appeal by defendant from judgment entered 31 January 2000 by Judge William A. Christian in Harnett County District Court. Heard in the Court of Appeals 1 February 2001.

*Tart, Willis & Fusco by O. Henry Willis, Jr. for plaintiff-appellee.*

*Walker, Clark, Allen, Herrin & Morano by Donald E. Clark, Jr. and Gay Parker Stanley for defendant-appellant.*

THOMAS, Judge.

Defendant appeals from an order entered by the trial court taxing plaintiff's costs and attorney fees against defendant. Defendant sets forth two assignments of error. For reasons discussed herein, we affirm the trial court.

The facts are as follows: On 15 December 1997, plaintiff was injured in a car accident involving defendant. Before plaintiff filed suit, defendant offered to settle for $5,000.00. Plaintiff refused. After the institution of the suit, defendant served plaintiff with an offer of judgment on 18 December 1999 for $5,000.00, which plaintiff also refused. The case went to trial on 22 November 1999 and the only matter submitted to the jury was the issue of damages. The jury returned with a verdict for plaintiff in the amount of $5,000.00. Plaintiff accepted the verdict and made a motion for attorney fees, which was denied. In January 2000, defendant made a motion for costs and plaintiff filed motions for costs and for reconsideration of the motion for attorney fees. On 31 January 2000, the trial court granted plaintiff's motions and denied that of defendant. Defendant appeals the grant of plaintiff's motions for attorney fees and costs and the denial of her motion for costs.

**[1]** By defendant's first assignment of error, she argues the trial court abused its discretion by reconsidering and granting plaintiff's motion for attorney fees. We disagree.

The North Carolina General Statutes provide:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (1999). Under this statute, the trial judge is given the discretion to award attorney fees to the prevailing party. *See Porterfield v. Goldkuhle*, 137 N.C. App. 376, 528 S.E.2d 71 (2000). The trial court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *West v. Tilley*, 120 N.C. App. 145, 461 S.E.2d 1 (1995). An abuse of discretion occurs when the trial court's ruling "is so arbitrary that it could not have been the result of a reasoned decision." *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 84 (1998) (citations omitted).

When determining whether to award attorney fees, the trial court must consider the entire record, including the following factors: 1) settlement offers made prior to institution of the action; 2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; 3) whether defendant unjustly exercised superior bargaining power; 4) in a case of unwarranted refusal by an insurance company, the context in which the dispute arose; 5) the timing of settlement offers; and 6) the amounts of settlement offers as compared to jury verdict. *Washington v. Horton*, 132 N.C. App. 347, 351-52, 513 S.E.2d 331, 334-35 (1999). We now, in the aggregate, review these factors.

As to factor one, the trial judge found that defendant's insurance carrier, Allstate Insurance Company, mailed a check for $5,000 to

plaintiff prior to the institution of the lawsuit in finding of fact two. This offer was rejected. As to factor two, the trial judge found in finding of fact three that after suit had been filed, counsel for defendant served an offer of judgment on plaintiff's counsel for the same amount. This offer was also rejected by plaintiff. The trial judge further found in findings of fact three and four that plaintiff had incurred costs of $555 and that plaintiff and his counsel had a contingency agreement. In finding of fact twelve, the trial judge found that the offer of judgment tendered by defendant to plaintiff on 18 December 1998 was less than the judgment finally obtained by the plaintiff, which also satisfies factor six. As to factor three, the trial judge, in finding of fact thirteen, found that defendant incurred deposition costs of $295.98, but did not mention that defendant may have unjustly exercised superior bargaining power. As to factor four, there was no unwarranted refusal by the insurance company. This finding is not necessary since the suit was not on an insurance policy. *Crisp v. Cobb*, 75 N.C. App. 652, 331 S.E.2d 255 (1985). Finally, as to factor five, the trial court found, in findings of fact two and three, that the settlement offers were made both prior to the institution of the lawsuit, and after in the amount of $5,000.00.

Because detailed findings are not required for each factor, these excerpts are adequate findings of fact based on the whole record. The timing and amount of the settlement offers and the amount of the jury verdict are the most crucial factors in the case at bar. *See Culler v. Hardy*, 137 N.C. App. 155, 526 S.E.2d 698 (2000).

As aforementioned, defendant twice offered to settle the lawsuit for $5,000. Twice, plaintiff rejected the offer. Defendant argues that the judgment offered was not more favorable than the judgment finally obtained because the jury awarded plaintiff $5,000. However, plaintiff was also awarded $555 in costs and, additionally, attorney fees were taxed as part of the costs of the action, pursuant to section 6-21.1. Nonetheless, even without attaching the attorney fees, the judgment is still $5,555.00 and therefore, more favorable than the offer of $5,000.00. We therefore hold the trial court did not err in awarding attorney fees to plaintiff.

[2] By defendant's second assignment of error, she argues the trial court erred in taxing costs against her and denying her motion for costs because the offer of judgment equaled the jury's verdict. We disagree. Offers of judgment are governed by the Rules of Civil Procedure as follows:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. Gen. Stat. § 1A-1, Rule 68 (1999). The N.C. Supreme Court recently held that "costs incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the 'judgment finally obtained[.]' " *Roberts v. Swain*, 353 N.C. 246, 250-51, 538 S.E.2d 566, 569 (2000). We note that "costs" include reasonable attorney fees. N.C. Gen. Stat. § 6-21 (1999).

Defendant argues the judgment finally obtained does not include the costs because the record reflects a recovery of $5,000 in the Order and Judgment. The attorney fees were awarded as part of the costs in a post-trial hearing. The N.C. Supreme Court has defined "judgment" as " '[t]he final decision of the *court* resolving the dispute and determining the rights and obligations of the parties,' and '[t]he law's last word in a judicial controversy." *Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996) (quoting *Black's Law Dictionary* 841-42 (6th ed. 1990). The *Poole* Court also stated that the judgment finally obtained is not merely the jury's verdict. Only a court can render a judgment, not a jury. *Id.* In the instant case, the post-trial order dated 31 January 2000 is the final decision resolving the dispute and determining the obligations of defendant to plaintiff. That order contains the $5,000 jury verdict, the court costs of $555 and attorney fees of $3,937.50.

Defendant argues the judgment finally obtained by plaintiff is more favorable than the offer only because of the addition of attorney fees and court costs. It is correct that the amount of the verdict and offer were in equal amounts. However, due to the granting of costs and attorney fees, the judgment finally obtained is more favorable because plaintiff receives the full $5,000.00 without having to reimburse court costs or compensate counsel. The verdict by the jury is not synonymous with the judgment finally obtained. We therefore hold the trial court did not err in taxing plaintiff's costs against defendant.

[3] Finally, defendant argues the trial court erred in denying her Rule 68 motion for costs. We disagree. To recover costs under Rule 68, the

amount of the offer of judgment must exceed plaintiff's total recovery. *Poole v. Miller*, 342 N.C. 349, 353-55, 464 S.E.2d 409, 411-12 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996). Specifically, under Rule 68, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." N.C. Gen. Stat. § 1A-1, Rule 68(a). We have held that the judgment finally obtained was more favorable than defendant's offer. Thus, defendant cannot have costs paid on her behalf.

The trial court did not err in its analysis and conclusion that the judgment finally obtained was greater than defendant's offer of judgment. Likewise, the trial court did not err in denying defendant's motion for costs.

We, accordingly, reject defendant's assignments of error and affirm the trial court.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.