LORA ROBINSON, AND CHRISTY ROBINSON, PLAINTIFF-APPELLEES v. TAMELA SHUE, DEFENDANT-APPELLANT

No. COA00-1059

(Filed 17 July 2001)

**Costs— attorney fees—offer of settlement—*Washington* factors**

The trial court did not abuse its discretion by awarding attorney fees to plaintiff under N.C.G.S. § 6-21.1 in an automobile negligence action where defendant offered to settle the case for $1,650 before plaintiff filed suit, defendant later made an offer of judgment of $1,718, the jury awarded plaintiffs $1,600, and the judgment awarded plaintiffs the $1,600 jury verdict, interest at a rate of 8% per year until the judgment was paid in full, $4,410 in attorney fees, and $486 in costs. While defendant argued that the only amount to compare against the offer of judgment is the verdict amount of $1,600 and that no attorney fees are therefore

allowed, the verdict is not synonymous with the judgment finally obtained. The trial court's consideration of the factors in *Washington v. Horton*, 132 N.C. App. 347, was adequate.

Appeal by defendant from judgment entered 15 May 2000 by Judge Lisa Thacker in Union County District Court. Heard in the Court of Appeals 6 June 2001.

*The Law Offices of William K. Goldfarb, by William K. Goldfarb, for plaintiff appellees.*

*Morris, York, Williams, Surles & Barringer, LLP, by John H. Capitano, for defendant appellant.*

McCULLOUGH, Judge.

Plaintiffs Lora Robinson and Christy Robinson are mother and daughter, respectively. On 4 March 1997, Lora Robinson was driving her 1986 Pontiac in Monroe, North Carolina; her daughter was in the car with her. As plaintiffs traveled in a northerly direction, defendant was backing her 1988 Oldsmobile out of a residential driveway, moving in a southerly direction. Defendant failed to yield the right-of-way and collided with plaintiffs' vehicle, causing damages to the vehicle and injuries to plaintiffs.

On 3 December 1997, defendant contacted plaintiffs and offered to pay $1,000.00 to settle Lora Robinson's claim, and $650.00 to settle Christy Robinson's claim. Plaintiffs rejected defendant's offer and filed a complaint, alleging that defendant was negligent in causing the accident. Plaintiffs also stated that they suffered injuries and underwent medical treatment as a result of the accident. Defendant answered, denying that she was negligent. Some time later, on 22 April 1998, defendant made an offer of judgment to plaintiffs, stating that she would

allow judgment to be entered against her in this action, as to the claims of Lora Robinson for the lump sum of $1,050.00, said amount specifically to include attorney's fees taxable as costs, and any remaining costs accrued at the time this offer is filed in which the Court might subsequently tax as costs, and as to the claims of Christy Robinson, for the lump sum of $668.00 said amount specifically to include attorney's fees taxable as costs, and any remaining costs accrued at the time this offer is filed in which the Court might subsequently tax as costs.

**ROBINSON v. SHUE**

[145 N.C. App. 60 (2001)]

Plaintiffs rejected defendant's offer of judgment and the case proceeded to a trial by jury.

During the trial, defendant stipulated that she was negligent in causing the car accident. On 4 April 2000, the jury found defendant's negligence caused plaintiffs' injuries, and awarded $1,000.00 to Lora Robinson and $600.00 to Christy Robinson. The issue of attorney fees was set aside for later consideration, with both plaintiffs' and defendant's attorneys agreeing to submit written arguments to the trial court regarding appropriate attorney fees.

In his letter, plaintiffs' attorney informed the trial court that he expended a total of 29.4 hours of work on plaintiffs' case and that his normal fee was $150.00 per hour. He therefore asked the trial court to award attorney fees to plaintiffs in the amount of $4,410.00. Defendant's attorney asked the trial court to fully deny plaintiffs' motion and award no attorney fees.

The trial court made the following findings of fact:

1. The Plaintiffs' lawyer incurred time and expense prior to the making of the offers of judgment.

2. The judgment finally obtained exceeded the offers of judgment.

3. The Defendant appealed the arbitration award and failed to make any additional offers prior to trial.

4. The attorney's fee agreement between Plaintiffs and Plaintiffs' counsel is contingent in part and hourly in part. The agreement that Plaintiffs' counsel has with the Plaintiffs is if the case is resolved without an award of attorney's fee, the Plaintiffs' counsel would take a contingent fee. In the event attorney fees are awarded, Plaintiffs' counsel charges $150 per hour for the time spent in the preparation and execution of the case.

In the exercise of the discretion of the Court and based on the Findings of the Court, Plaintiffs' counsel shall recover from the Defendant attorney fees necessitated by this litigation in the amount of $4,410 and Plaintiffs' costs in this action shall be taxed against the Defendant, said costs being reflected in the Court's records, the attached billing statement, and a reasonable fee for the testimony of Keith Pittman, D.C., to wit:

**ROBINSON v. SHUE**

[145 N.C. App. 60 (2001)]

| | |
|---|---:|
| Certified Mailing (Service on Defendant) | $   3.00 |
| Trial Subpoenas (Certified Mailing—11 @ 3.00 each) | 33.00 |
| Expert Fee—Testimony of Keith Pittman, D.C. | <u>450.00</u> |
| Total Costs | $486.00 |

The trial court then made the following conclusions of law:

1. The parties have agreed that this Judgment may be signed out of Term, out of County and out of Session;

2. That the Plaintiff, Lora Robinson, have and recover from the Defendant, Tamela Shue, the sum of $1,000;

3. That the Plaintiff, Lora Robinson, have and recover from the Defendant, Tamela Shue, interest at a rate of eight percent (8%) per annum from the date this lawsuit was instituted on February 11, 1998, until the Judgment is paid in full pursuant to N.C.G.S. 24-5;

4. That the Plaintiff, Christy Robinson, have and recover from the Defendant, Tamela Shue, the sum of $600;

5. That the Plaintiff, Christy Robinson, have and recover from the Defendant Tamela Shue, interest at a rate of eight percent (8%) per annum from the date this lawsuit was instituted on February 11, 1998, until the Judgment is paid in full pursuant to N.C.G.S. 24-5;

6. That Plaintiffs' counsel made a motion unto the Court for his attorney's fees pursuant to N.C.G.S. 6-21.1 and expenses and the Court finds:

    (a) Plaintiffs' counsel expended 29.4 hours on this case;

    (b) That Plaintiffs' counsel's hourly rate of $150.00 is reasonable and typically charged by an attorney of his experience.

The trial court ultimately awarded plaintiffs $4,410.00 in attorney fees and $486.00 in costs. Defendant appealed.

Defendant brings forth three assignments of error challenging the trial court's findings of fact and conclusions of law with regard to the award of attorney fees to plaintiffs. Defendant contends that the trial court's decision constituted an abuse of discretion. For the reasons set forth, we disagree with defendant and affirm the judgment of the trial court.

"As a general rule, in the absence of some contractual obligation or statutory authority, attorney fees may not be recovered by the successful litigant as damages or a part of the court costs." *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999). However, N.C. Gen. Stat. § 6-21.1 (1999) "creates an exception to the general rule that attorney's fees are not allowable as part of the costs in civil actions." *Hill v. Jones*, 26 N.C. App. 168, 169, 215 S.E.2d 168, 169, *cert. denied*, 288 N.C. 240, 217 S.E.2d 664 (1975). N.C. Gen. Stat. § 6-21.1 (1999) provides as follows:

> [i]n any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

Since plaintiffs' combined jury verdict was only $1,600.00, plaintiffs properly requested attorney fees under N.C. Gen. Stat. § 6-21.1.

The purpose of N.C. Gen. Stat. § 6-21.1 is

> to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973).

Though defendant concedes that N.C. Gen. Stat. § 6-21.1 is the proper method for requesting attorney fees, she maintains that the trial court's findings of fact are insufficient to support its

award of attorney fees to plaintiffs and that the award itself constitutes an abuse of discretion. To prevail, defendant must show that the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). *See also Porterfield v. Goldkuhle*, 137 N.C. App. 376, 528 S.E.2d 71 (2000). "Allowance of counsel fees under the authority of this statute is, by its express language, in the discretion of the presiding judge, and is reversible only for abuse of discretion." *McDaniel v. N.C. Mutual Life Ins. Co.*, 70 N.C. App. 480, 483, 319 S.E.2d 676, 678, *disc. reviews denied*, 312 N.C. 84, 321 S.E.2d 897 (1984). In reviewing this assignment of error, we are also mindful that "the scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).

"The discretion accorded the trial court in awarding attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 is not unbridled." *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. When attorney fees are at issue, the trial court must examine the entire record, as well as the following factors: (1) settlement offers made prior to institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; (3) whether defendant unjustly exercised superior bargaining power; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of settlement offers as compared to the jury verdict. *Id.* at 351, 513 S.E.2d at 334-35. " '[T]o determine if an award of counsel fees is reasonable, "the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney" based on competent evidence.' " *Brookwood Unit Ownership Assn. v. Delon*, 124 N.C. App. 446, 449-50, 477 S.E.2d 225, 227 (1996) (quoting *West v. Tilley*, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (1995) (quoting *United Laboratories, Inc. v. Kuykendall*, 102 N.C. App. 484, 494, 403 S.E.2d 104, 111 (1991), *aff'd*, 335 N.C. 183, 437 S.E.2d 374 (1993) (citations omitted)).

We will review each of the *Washington* factors in turn.

As to factor one, the trial court considered defendant's settlement offer made prior to institution of the action. In his letter to the trial court, defendant's attorney stated that

1. On December 3, 1997, Defendant offered $650.00 to Christy Robinson and $1,000.00 to Lora Robinson.

Plaintiffs rejected that offer and filed their complaint on 11 February 1998.

As to factor two, the trial court heard evidence from both attorneys regarding an offer of judgment made after plaintiffs' suit had been filed. Just before trial, on 22 April 1998, defendant made an offer of judgment to plaintiffs in the amount of $1,718.00. Plaintiffs rejected the offer, and the jury ultimately returned a verdict for plaintiffs for $1,600.00. The trial court found that plaintiffs incurred costs of $486.00 for certified mailings and an expert witness fee. The trial court further found, in finding of fact four, that plaintiffs and their attorney had a fee agreement that was contingent in part and hourly in part. In finding of fact two, the trial court found that the judgment finally obtained exceeded the offer of judgment made on 22 April 1998. This finding of fact also satisfies *Washington* factor six—the amounts of settlement offers as compared to the jury verdict.

As to factor three, plaintiffs concede that defendant did not exercise superior bargaining power. In his letter to the trial court, plaintiffs' attorney stated that

I cannot argue that the defendant unjustly exercised superior bargaining power since Allstate Insurance Company was the person in control of the purse strings.

As to factor four, both parties stipulated that "unwarranted refusal by an insurance company" did not apply in this case. Moreover, because this suit was not brought by an insured or a beneficiary against an insurance company defendant, findings of fact are not necessary regarding this *Washington* factor. *See Crisp v. Cobb*, 75 N.C. App. 652, 331 S.E.2d 255 (1985).

Lastly, as to factor five, the trial court was aware of the timing of defendant's settlement offer. Defendant's attorney clearly explained to the trial court that defendant offered to settle the case for $1,650.00 on 3 December 1997. Defendant's attorney also informed the trial court that defendant tendered an offer of judgment on 22 April 1998 in the amount of $1,718.00; this sum included attorney fees taxable as

costs and any remaining costs accrued at the time the offer was filed which the trial court might later tax as costs.

Of the six *Washington* factors, the parties disagree most fervently as to whether the judgment finally obtained exceeded the offer of judgment made. Plaintiffs argue that attorney fees and costs should be added to the $1,600.00 jury verdict to "beat" the $1,718.00 offer of judgment. Defendant, on the other hand, argues that only the amount of attorney fees actually awarded as costs should be added to the jury verdict.

Offers of judgment are addressed by N.C. Gen. Stat. § 1A-1, Rule 68. Rule 68 states:

> (a) *Offer of judgment.*—At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

"[W]ithin the confines of Rule 68, 'judgment finally obtained' means the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by *any applicable adjustments*, by the respective court in the particular controversy, not simply the amount of the jury's verdict." *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995) (emphasis added), *reh'gs denied*, 342 N.C. 666, 467 S.E.2d 722 (1996). In the recent case of *Roberts v. Swain*, 353 N.C. 246, 538 S.E.2d 566 (2000), the North Carolina Supreme Court stated that "costs incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the 'judgment finally obtained[.]' " *Id.* at 250-51, 538 S.E.2d at 569. In the present case, reasonable attorney fees qualify as part of the costs. *See Tew v. West*, 143 N.C. App. 534, 546 S.E.2d 183 (2001); and N.C. Gen. Stat. § 6-21 (1999).

Before plaintiffs filed suit, defendant offered to settle the case for $1,650.00, and later made an offer of judgment in the amount of $1,718.00. The jury verdict awarded plaintiffs $1,600.00. The trial court obtained an affidavit from plaintiffs' attorney, stating that he worked a total of 29.4 hours on the case, and that he normally charged $150.00 per hour, for a total of $4,410.00. He stated that, before the offer of judgment from defendant on 22 April 1998, he

had expended 8.5 hours of work on the case, totaling $1,275.00 (a rate of $150.00 per hour). He also presented evidence of $486.00 in costs.

The judgment obtained totaled $1,600.00, plus costs and interest, with the issue of attorney fees argued by counsel in letters to the trial court. It should be noted that the jury verdict, costs and interest exceeded the offer of judgment without considering the attorney fees. Plaintiffs' attorney maintains that the offer of judgment under Rule 68 was therefore less than the judgment finally obtained, so that he is entitled to the entire $4,410.00 in attorney fees. Defendant's attorney argues that the offer of judgment ($1,718.00) "beat" the judgment finally obtained ($1,600.00) because the judgment finally obtained should include only those attorney fees actually awarded under N.C. Gen. Stat. § 6-21.1. *See Poole.* Since no attorney fees were actually awarded in the judgment, defendant argues that the only amount to compare against the offer of judgment is the verdict amount of $1,600.00. Under his reasoning, the offer of judgment "beats" the judgment finally obtained and no attorney fees are allowed.

A judgment is " '[t]he final decision of the *court* resolving the dispute and determining the rights and obligations of the parties,' " and " '[t]he law's last word in a judicial controversy.' " *Poole*, 342 N.C. at 352, 464 S.E.2d at 411 (quoting *Black's Law Dictionary* 841-42 (6th ed. 1990) (emphasis added)). The *Poole* Court also explained that the judgment finally obtained is not the jury verdict, but the actual judgment rendered by the trial court. *Id.* Here, the trial court's judgment awarded plaintiffs the $1,600.00 jury verdict, interest at a rate of eight percent (8%) per year from 11 February 1998 until the judgment was paid in full, $4,410.00 in attorney fees, and $486.00 in costs. We cite with approval our recent decision in *Tew*, wherein this Court stated that "[t]he verdict by the jury is not synonymous with the judgment finally obtained." *Tew*, 143 N.C. App. at 538, 546 S.E.2d at 186.

After carefully reviewing each of the six *Washington* factors and the entire record, we find that the trial court's consideration of the factors was adequate. The trial court was presented with letters from both plaintiffs' and defendant's attorneys, and those letters clearly delineated the relevant case law, as well as the six *Washington* factors. Detailed findings of fact are not required for each factor. *See Tew*, 143 N.C. App. at 537, 546 S.E.2d at 185. The trial court also directly addressed the parties' arguments concerning whether the judgment finally obtained exceeded the offer of judgment. In its find-

ing of fact two, the trial court definitively stated that "[t]he judgment finally obtained exceeded the offers of judgment."

We agree with the parties that the timing and the amount of settlement offers and the amount of the jury verdict are the most important issues in this case. *See Culler v. Hardy*, 137 N.C. App. 155, 526 S.E.2d 698 (2000). However, contrary to defendant's assertions, we find that the trial court adequately examined the timing of the pre-suit offer, as well as the offer of judgment. Defendant's attorney set out the timing of the pre-suit offer and the offer of judgment in his letter to the trial court. He also made clear arguments that defendant's pre-suit offer and the offer of judgment were timely, made in good faith, and were reasonable in amount as compared to the ultimate jury verdict.

We are not persuaded by defendant's argument that our decision will encourage plaintiffs to reject fair settlement offers and proceed to trial, depending on a trial judge to "rescue" them by later awarding attorney fees. Rather, we agree with plaintiffs that defendant has presented no evidence that the trial court ignored the pretrial motions, affidavits, or the written arguments concerning the *Washington* factors delivered by both attorneys. Absent such a showing by defendant, we cannot find an abuse of discretion by the trial court in this case. Consequently, we hold that the trial court made adequate findings of fact concerning the *Washington* factors. While the better practice would be for the trial court to include a statement making it clear that it had fully considered the factors set forth in *Washington*, we are satisfied that the trial court did so here.

The judgment of the trial court awarding attorney fees to plaintiffs is

Affirmed.

Judges WALKER and THOMAS concur.