IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-608

Filed: 21 November 2017

Hyde County, No. 15 CVS 16

OCRACOMAX, LLC, Plaintiff,

v.

CHRISTOPHER M. DAVIS and wife, JENNIFER L. DAVIS; OCRACOKE HORIZONS UNIT OWNERS ASSOCIATION, INC., Defendants.

Appeal by Defendants from order entered 12 October 2016 and order entered 2 February 2017 by Judge Wayland J. Sermons, Jr., in Hyde County Superior Court. Heard in the Court of Appeals 16 October 2017.

> *Hornthal, Riley, Ellis & Maland, LLP, by L. Phillip Hornthal, III, for the Plaintiff-Appellee.*

> *Nexsen Pruet PLLC, by Norman W. Shearin, for the Defendants-Appellants.*

DILLON, Judge.

Christopher M. Davis and Jennifer L. Davis (the "Davis Defendants") appeal the trial court's order dismissing their appeal from a decision on the Ocracomax, LLC, ("Plaintiff") Motion for Costs in the underlying action. The Davis Defendants argue that their appeal was meritorious, in that the order granting trial costs to Plaintiff (1) improperly assigned said costs to them alone, and not to all the defendants; and (2) included costs incurred by Plaintiff in a prior appeal. After careful review, we affirm.

## I. Background

Plaintiff and the Davis Defendants are each residents of a condominium complex overseen by Defendant Ocracoke Horizons Unit Owners Association, Inc. (the "HOA Defendant"). In February 2015, Plaintiff filed the underlying action against all Defendants, seeking a declaratory judgment stating its right to a parking space in a shared garage. After considering the briefs and pleadings, the trial court issued an order granting Plaintiff's Motion for Judgment on the Pleadings and taxing costs to Defendants (the "Judgment"), which our Court later affirmed in a prior appeal in this matter.

Plaintiff filed a Motion to Determine Costs. The trial court entered an order determining Plaintiff's costs in the underlying action (the "Costs Order"). In the Costs Order, the trial court taxed all of Plaintiff's fees throughout trial and the first appeal to the Davis Defendants alone.

The Davis Defendants filed a Petition for Writ of Certiorari, requesting that our Court review the Costs Order. We allowed Defendant's petition, and now consider their appeal.

## II. Analysis

The Davis Defendants challenge the costs assigned by the trial court in two respects: First, the Davis Defendants argue that the trial court erred in taxing costs and attorney's fees against them, but not against the HOA Defendant. Second,

Defendants allege that the trial court improperly included attorney's fees incurred on appeal in its award to Plaintiff. We address each argument in turn.

A trial court's grant of attorney's fees, supported by statutory authority, will not be overturned absent an abuse of discretion. *Buford v. Gen. Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994). We review the trial court's decision only to determine if its "ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." *Old Republic Nat'l Title Ins. Co. v. Hartford Fire Ins. Co.*, ___ N.C. ___, ___, 797 S.E.2d 264, 269 (2017).

The Davis Defendants contend that the trial court abused its discretion by taxing costs and attorney's fees solely against the Davis Defendants, because the Cost Order was contradictory to the "law of the case" established in the first appeal, where we affirmed the trial court's order granting Plaintiff judgment on the pleadings, including costs, against all Defendants. *See N.C. Nat'l Bank v. Va. Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983) ("Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case."). Specifically, the Judgment, which we affirmed in the first appeal, included a decree that "[c]osts are taxed to the defendants." The Davis Defendants read this decree to mean that costs are to be taxed against *all* the Defendants. We disagree.

- 3 -

The Judgment dealt at length with the merits of the underlying case. The Judgment established Plaintiff's rights in the condominium property, and spoke to the assignment of fees and costs only insofar as costs were to be "taxed to the defendants." We do not find the language of the Judgment, which did not determine the *amount* of costs, to be conclusive on how the costs were to be allocated among the defendants. We are unpersuaded by Plaintiff's argument that the language in the Judgment amounts to the law of the case which determined how the costs were to be allocated. Further, it is clear from the procedural history of this case that the issue of fees and costs was not conclusively decided until the Costs Order. The Judgment determined the rights of the parties, while the Costs Order thoroughly set out the amount of the costs awarded and each defendant's obligations with regard to the award.

The Davis Defendants also contend that the trial court lacked the statutory authority necessary to grant attorney's fees which Plaintiff incurred in the first appeal. Specifically, the Davis Defendants argue that N.C. Gen. Stat. § 47C-4-117, the statute under which the trial court awarded attorney's fees, should have been construed strictly to allow an award of attorney's fees generated only from trial proceedings. We disagree.

It is true that courts may not award attorney's fees (and costs) without statutory authority to do so, *Hicks v. Albertson*, 284 N.C. 236, 238, 200 S.E.2d 40, 42

(1973), and that such authority is generally to be construed strictly according to its express terms. *Sunamerica Fin. Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991). However, when the ability to grant attorney's fees is assigned in a non-remedial spirit, fees and costs may be granted from "all stages of litigation, including on appeal." *McKinnon v. CV Indus., Inc.*, 228 N.C. App. 190, 199, 745 S.E.2d 343, 350 (2013) (holding that unlike attorney's fees awarded under N.C. Gen. Stat. § 6-21.5 (2013), the grant of attorney's fees under N.C. Gen. Stat. § 75-16.1 (2013) is "not confined solely to the trial level"); *see United Labs., Inc. v. Kuykendall*, 335 N.C. 183, 192, 437 S.E.2d 374, 380 (1993) (explaining the purpose of a chapter-specific attorney's fee statute as to encourage private enforcement, rather than simply punitive). This Court has previously held that N.C. Gen. Stat. § 47C-4-117 is a specific grant of authority to award attorney's fees in condominium association cases, which supersedes more general attorney's fee statutes. *Brockwood Unit Ownership Ass'n v. Delon*, 124 N.C. App. 446, 448-49, 477 S.E.2d 225, 226 (1996).

We now hold that N.C. Gen. Stat. § 47C-4-117 is a non-remedial grant to award attorney's fees, and may thereby be construed broadly to allow an award including fees incurred on appeal. Chapter 47C of the North Carolina General Statutes contains the North Carolina Condominium Act, including a specific grant of authority to award attorney's fees in actions under the Chapter.

We recognize the Davis Defendants' argument in their brief that the language of N.C. Gen. Stat. § 47C-4-117 does not expressly grant the authority to grant fees incurred on appeal. However, we need not construe this statute so strictly. The statute vests a cause of action in any person, or class of person, adversely affected by a condominium association's failure to comply with any provision of either Chapter 47 of the North Carolina General Statutes, or of the association's bylaws. N.C. Gen. Stat. § 47C-4-117 (2015). In order to promote actions by private actors under this cause of action, the statute further grants authority to the reviewing court to grant reasonable attorney's fees to a prevailing party. *Id.* It is clear from the position of N.C. Gen. Stat. § 47C-4-117 within Chapter 47C, and the granting language as a whole, that the statute was designed to convey the ability to prosecute an action notwithstanding the threat of overbearing fees, whether at the trial level or the appellate level.

We find no error in the trial court's Costs Order, as it acted within its sound discretion to determine the amount of attorney's fees and costs and tax them against the Davis Defendants, and we thereby affirm.

AFFIRMED.

Chief Judge MCGEE and Judge ELMORE concur.